J-S62039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IVAN T. HOLLOWAY, SR. | |
| Appellant | No. 63 MDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005408-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 15, 2016**

Appellant, Ivan T. Holloway, Sr., appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions of three counts of burglary and one count each of flight to avoid apprehension and attempted burglary.[1]  We reverse Appellant's conviction for flight to avoid apprehension and affirm the remaining convictions.  Because reversal of the conviction for flight to avoid apprehension will not upset the overall sentencing scheme, however, we decline to remand for resentencing; and, we affirm the judgment of sentence.

The trial court opinion fully sets forth the relevant facts of this case.

_____

[1] 18 Pa.C.S.A. §§ 3502, 5126, and 901, respectively.

Therefore, we will only briefly summarize them. On September 20, 2014, a neighbor observed Appellant removing items from the garage of 1614 Herr Street, in a cart, and reported Appellant's behavior to police. While responding to the burglary complaint, police encountered and attempted to initiate contact with Appellant, who matched the complaint description and was walking with a cart containing various items. When police directed him to stop, Appellant abandoned the cart and ran from police. Police pursued Appellant to the rear of the residence at 236 North 15th Street, where an officer drew his firearm and commanded Appellant to stop. Appellant continued to run from police and unsuccessfully attempted to enter 236 North 15th Street by throwing his body into the back door, which Appellant dented. Appellant then entered two residences, 238 and 240 North 15th Street, before police detained him. While inside 238 North 15th Street, Appellant removed a clothes washer and dryer from the wall to barricade a door. Appellant also damaged a window in 240 North 15th Street. Appellant did not have permission to enter the garage or the North 15th Street homes. The owner of 1614 Herr Street identified as hers the items police recovered from the cart Appellant had abandoned.

On September 20, 2014, the Commonwealth charged Appellant with several counts of burglary and related offenses. Following a three-day trial, on October 28, 2015, a jury found Appellant guilty of three counts of burglary and one count each of flight to avoid apprehension and attempted

burglary. With the benefit of a pre-sentence investigation ("PSI") report, the court held a sentencing hearing on December 16, 2015. At the conclusion of the hearing, the court sentenced Appellant to twelve (12) to sixty (60) months' imprisonment for the burglary of the 1614 Herr Street garage; six (6) to twenty (20) years' imprisonment for the burglary of 240 North 15th Street consecutive to the term for the garage burglary; and two concurrent terms of eighteen (18) to thirty-six (36) months' imprisonment each for the attempted burglary of 236 North 15th Street and the burglary of 238 North 15th Street, concurrent with the sentence for the 240 North 15th Street burglary. The court imposed no sentence on the flight to avoid apprehension count. In total, the court sentenced Appellant to an aggregate term of seven (7) to twenty-five (25) years' incarceration.

Appellant timely filed an amended post-sentence motion on December 22, 2015, which the court denied on December 31, 2015.[2] Appellant timely filed a notice of appeal on January 8, 2016. On January 19, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on January 28, 2016.

Appellant raises three issues for our review:

WHETHER THE TRIAL COURT ERRED IN DENYING

_____

[2] The certified record does not indicate when Appellant filed his original post-sentence motion.

APPELLANT'S POST-SENTENCE MOTION WHERE THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK ONE'S SENSE OF JUSTICE WHERE THE COMMONWEALTH NEVER SHOWED THAT…APPELLANT ENTERED THE GARAGE OF 1614 HERR STREET AND THEREFORE COMMITTED THE CRIME OF BURGLARY?

WHETHER THE COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTIONS WHERE THE COMMONWEALTH DID NOT PROVE THAT APPELLANT FLED TO AVOID APPREHENSION ON A PREVIOUS CHARGE OR CONVICTION, NOR DID [IT] PROVE THAT APPELLANT INTENDED TO COMMIT A CRIME IN ANY OF THE HOUSES ON NORTH 15TH STREET, PRIOR TO ENTERING?

WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-SENTENCE MOTION WHERE HIS SENTENCE IS EXCESSIVE AND UNREASONABLE AND CONSTITUTES TOO SEVERE A PUNISHMENT IN LIGHT OF APPELLANT'S REHABILITATIVE NEEDS, THE GRAVITY OF THE OFFENSE, AND WHAT IS NEEDED TO PROTECT THE PUBLIC?

(Appellant's Brief at 8).[3]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William T. Tully, we conclude Appellant's weight issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed March 7, 2016, at 3-6, 11) (finding: owner of 1614 Herr Street testified she did not give Appellant permission to enter garage, and items in Appellant's cart were hers;

_____

[3] For the purposes of our disposition, we have reordered Appellant's issues.

neighbor of 1614 Herr Street testified he had observed Appellant removing items from garage and called police; responding officer encountered Appellant, who matched complaint description, with cart containing various items; trying to evade police, Appellant unsuccessfully attempted to enter one home and successfully entered two other homes on North 15th Street; weight of evidence supports jury's findings). The record supports the court's reasoning; therefore, we have no reason to disturb it. Accordingly, we affirm as to Appellant's weight claim on the basis of the trial court opinion.

In his second issue, Appellant argues the Commonwealth failed to present evidence at trial to demonstrate Appellant had previously been charged with or convicted of an offense, from which Appellant fled on September 20, 2014. Appellant submits the evidence at trial was insufficient to support his conviction for flight to avoid apprehension. Appellant contends the Commonwealth failed to present evidence that Appellant had intended to commit a crime inside the North 15th Street homes, other than to run from the police. Because the evidence was insufficient to support his conviction for flight to avoid apprehension, Appellant asserts the evidence was also insufficient to support his convictions for the three North 15th Street burglaries. Appellant concludes this Court should vacate his convictions for flight to avoid apprehension, attempted burglary of 236 North 15th Street, and burglary of 238 North 15th Street and 240 North 15th Street, respectively. We agree in part.

With respect to a sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.

2003)).

The Crimes Code defines the offense of flight to avoid apprehension, trial or punishment, as follows:

> **§ 5126.   Flight to avoid apprehension, trial or punishment**
>
> **(a) Offense defined.—**A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the

second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

**(b) Exception.**—Subsection (a) shall not apply to a person set at liberty by court order who fails to appear at the time or place specified in the order.

18 Pa.C.S.A. § 5126. This Court has stated:

[T]he plain language of the statute requires that the defendant intend to avoid apprehension, trial or punishment. … [N]othing in the statutory language requires that police have knowledge of the underlying charge or conviction. It is sufficient for the defendant to intentionally elude law enforcement to avoid apprehension, trial or punishment on a charge or conviction.

***Commonwealth v. Steffy***, 36 A.3d 1109, 1111-12 (Pa.Super. 2012). The statute requires the defendant to have been previously charged with or convicted of a crime at the time the defendant fled. ***Commonwealth v. Phillips***, 129 A.3d 513, 518-19 (Pa.Super. 2015).

The burglary statute provides, in relevant part, as follows:

**§ 3502. Burglary**

**(a) Offense defined.**—A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;

\* \* \*

(4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S.A. § 3502(a)(1), (2), (4). "The Commonwealth is not required to allege or prove what particular crime a defendant intended to commit after his forcible entry into the private residence." *Commonwealth v. Lambert*, 795 A.2d 1010, 1022 (Pa.Super. 2002) (*en banc*), *appeal denied*, 569 Pa. 701, 805 A.2d 521 (2002) (citing *Commonwealth v. Alston*, 539 Pa. 202, 651 A.2d 1092, 1095 (1994)). "The intent to commit a crime after entry may be inferred from the circumstances surrounding the incident." *Id.*

As a preliminary matter, issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived for appellate review. *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). A Rule 1925(b) statement that is not specific enough for the trial court to identify and address the issues the defendant wishes to raise on appeal may also result in waiver. *Commonwealth v. Reeves*, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Id.* at 2.

Instantly, Appellant did not specifically challenge the flight to avoid apprehension conviction in his Rule 1925(b) statement. Thus, Appellant's flight to avoid apprehension claim is arguably waived. ***See Reeves, supra***. Nevertheless, in an abundance of caution, in the interest of judicial economy, and to the extent we can elicit the flight to avoid apprehension challenge from Appellant's Rule 1925(b) statement, we choose to address it on appeal. The record demonstrates, and the Commonwealth concedes, the Commonwealth presented no evidence at trial to establish that Appellant had been charged with or convicted of an offense prior to September 20, 2014, to support a flight to avoid apprehension charge. ***See Phillips, supra***. Accordingly, we reverse Appellant's flight to avoid apprehension conviction. We observe the court did not sentence Appellant on the flight to avoid apprehension count. Accordingly, our disposition does not affect the overall sentence, and we decline to remand for resentencing on this basis.

Appellant's convictions for attempted burglary and burglary of the North 15th Street residences, however, are sound. Although the record does not establish Appellant intended to flee from apprehension when he entered the residences, the Commonwealth's failure to plead or prove what offense Appellant did intend to commit does not affect Appellant's convictions for attempted burglary and burglary of the North 15th Street residences. ***See Lambert, supra***. Accordingly, we affirm Appellant's North 15th Street

attempted burglary and burglary convictions.

In his third issue, Appellant argues his sentence is excessive because the court did not properly consider mitigating factors under 42 Pa.C.S.A. § 9721, including the gravity of the offense, Appellant's rehabilitative needs, and his history and character. Appellant submits he did not injure anyone and did not steal anything during the events in question. Appellant claims he has eight children and five grandchildren, and suffers from sarcoidosis of the lungs. Appellant submits he did not deny his actions on the day in question and evaded police out of fear. Appellant concludes the court abused its discretion by imposing an excessive sentence. Appellant's challenge is to the discretionary aspects of his sentence. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). **See also Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa.Super. 2013), *appeal denied*, 625 Pa. 648, 91 A.3d 161 (2014) (stating argument that court disregarded factors, such as rehabilitation and nature and circumstances of offenses, implicates discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d

240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. Nevertheless, as a general rule, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)).

*See also Commonwealth v. Kane*, 10 A.3d 327, 335-36 (Pa.Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating bald claim that sentencing court "failed to consider" factors set forth in 42 Pa.C.S.A. 9721(b) does not raise substantial question). Moreover, where the sentencing court had the benefit of a PSI, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *Commonwealth v. Tirado*, 870 A.2d 362, 366 n.6 (Pa.Super. 2005).

Instantly, Appellant's bald assertion that the court improperly weighed the mitigating factors does not raise a substantial question. *See Cruz-Centeno, supra*. The court had the benefit of a PSI report. (*See* N.T. Sentencing Hearing, 12/16/15, at 2.) Therefore, we can presume the court considered the relevant information and mitigating factors. *See Tirado, supra*. Accordingly, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing; and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

- 13 -

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
v. :
: NO. 63 MDA 2016
IVAN HOLLOWAY, :
Defendant/Appellant : TRIAL COURT NO. 5408 CR 2014

## OPINION
### [Pursuant to Pa. R.A.P. 1925(a)]

Presently before the Superior Court of Pennsylvania is the appeal of Ivan

Holloway (hereinafter "Defendant" or "Appellant") from our Order of December 30, 2015,

denying his Post-Sentence Motions.

## PROCEDURAL HISTORY

On September 20, 2014, Defendant was charged with two (2) counts Burglary –

Overnight Accommodation, Person Present[1], one (1) count Burglary – Not Adapted for

Overnight Accommodation, No Person Present[2], three (3) counts Criminal Mischief –

Damage Property[3]; one (1) count Flight to Avoid Apprehension/Trial/Punishment[4], one

(1) count Criminal Trespass – Break into Structure[5], and one (1) count Criminal Attempt

– Burglary – Overnight Accommodation, Person Present[6]. Defendant's three (3) counts

of Criminal Mischief and one (1) count of Criminal Trespass were subsequently

withdrawn.

A jury trial was held before the Honorable William T. Tully on October 26 through

28, 2015 and Defendant was found guilty of the remaining counts – (1) Burglary – Not

Adapted for Overnight Accommodation, No Person Present (1614 Herr Street); (2)

---

[1] 18 Pa.C.S.A. § 3502(a)(1).
[2] 18 Pa.C.S.A. § 3502(a)(4).
[3] 18 Pa.C.S.A. § 3304(a)(5).
[4] 18 Pa.C.S.A. § 5126(a).
[5] 18 Pa.C.S.A. § 3503(a)(1)(ii).
[6] 18 Pa.C.S.A. § 901(a).

45-13

Criminal Attempt – Burglary – Overnight Accommodation, Person Present (236 N. 15th Street); (3) Burglary – Overnight Accommodation, No Person Present (238 N. 15th Street); (4) Burglary – Overnight Accommodation, Person Present (240 N. 15th Street); and (5) Flight to Avoid Apprehension, Trial, or Punishment. Sentencing was deferred pending a pre-sentence investigation. On December 16, 2015, this Court sentenced Defendant to an aggregate term of seven (7) to twenty-five (25) years of incarceration at a State Correctional Institution, broken down as follows:

- Count 1 – twelve (12) to sixty (60) months incarceration;

- Count 2 – aggregate term of eighteen (18) to thirty-six (36) months incarceration, concurrent with Count 4;

- Count 3 – aggregate term of eighteen (18) to thirty-six (36) months incarceration, concurrent with Count 4;

- Count 4 – six (6) to twenty (20) years incarceration, consecutive with Count 1;

- Count 5 – no further penalty imposed.

Defendant received time credit from September 20, 2014 through December 16, 2015. On December 22, 2015 Defendant filed a Post-Sentence Motion. Defendant filed an Amended Post-Sentence Motion on December 23, 2015 which was subsequently denied. Defendant filed a Notice of Appeal on January 8, 2016. On January 19, 2016, Defendant was directed to file a Concise Statement of Errors Complained of on Appeal.

**Appellant's Statement of Errors Complained of on Appeal**

Appellant alleges the following errors:

1. The Commonwealth failed to present sufficient evidence to sustain Appellant's convictions where the Commonwealth did not prove, *inter alaia* [sic], that Appellant intended to commit a crime in any of the building [sic] he entered.

2. The trial court erred in denying Appellant's Post-Sentence Motion where the verdict was against the weight of the evidence so as to shock one's sense of justice where the Commonwealth never showed, *inter alaia* [sic], that Appellant intended to commit a crime in any of the building [sic] he entered.

3. The trial court erred in denying Appellant's Post-Sentence Motion where Appellant's sentence was excessive and unreasonable and constitutes too severe a punishment in light of the gravity of the offense, the impact on the community, and Appellant's rehabilitative needs. The punitive measures inherent in the sentencing scheme could have been accomplished by the imposition of a lesser and/or concurrent sentence.

(Statement of Errors, January 28, 2016).

## FACTUAL BACKGROUND

On September 20, 2014, Timothy Zerbe (hereinafter "Mr. Zerbe") was inside his home when he heard noises from the alleyway. (Notes of Testimony, Trial 10/26-28/15 ("N.T. Trial") at 42-43.) At approximately 7:00 A.M., Mr. Zerbe went outside to investigate where the sound was coming from. (N.T. Trial at 43). In doing so, he observed Appellant coming out of the yard of 1614 Herr Street carrying a number of items. (N.T. Trial at 44). Mr. Zerbe asked Appellant if he had permission to be in the yard, and he responded no. (Id.) Mr. Zerbe then informed Appellant that he did not care what Appellant does in the alleyway, but warned him to keep out of the yard and garage at 1614 Herr Street. (Id.) A number of items had spilled out into the alleyway and had remained there for two (2) to three (3) months. (Id.) Mr. Zerbe explained that he did not care whether Appellant wanted to go through the items in the alleyway because he considered those to be trash. (N.T. Trial at 44, 46, 53).

After the initial contact with Appellant, Mr. Zerbe walked over to a neighbor's home on 17th Street. (N.T. Trial at 47). Upon his return home, he observed Appellant picking through the stuff that was in the alleyway. (Id.) At approximately 9:00 A.M., Mr.

Zerbe went to his car to run an errand and heard noises again. (N.T. Trial at 47). He pulled his car down the street to a place where he was able to see directly into the garage at 1614 Herr Street and saw Appellant taking things from the garage. (N.T. Trial at 47-48, 54). At that point, Mr. Zerbe decided to call the police. (N.T. Trial at 48, 54).

Officer Matthew Galleup (hereinafter "Officer Galleup") of the Harrisburg City Police Department responded to the call in a marked vehicle. (N.T. Trial at 56-57, 58). On his way to the address, Officer Galleup came into contact with Appellant, who matched the description of the suspect (black male wearing a gray hat and gray hooded sweatshirt pushing a shopping cart), in the area of 15th and Briggs Streets. (N.T. Trial at 57-58). Officer Gaelleup tried to initiate contact with Appellant on three (3) occasions and was unsuccessful. (N.T. Trial at 58). The first two (2) times, Appellant did not acknowledge Officer Galleup's calls to talk to him. (Id.) The third time, Officer Galleup told Appellant to stop so he could speak with him. (N.T. Trial at 59). Appellant then pushed the shopping cart away and began to run away from Officer Galleup – a chase ensued. (Id.) At this point, Officer Galleup testified that he never informed Appellant of why he wanted to talk with him, but believed he found the suspect who was the subject of the initial police call. (N.T. Trial at 69-70).

Officer Christopher Thomas (hereinafter "Officer Thomas") also responded to the call and arrived on scene while Officer Galleup was engaged in a foot chase of Appellant, and he assisted in the chase. (N.T. Trial at 88-89). Officer Galleup came into contact with Appellant again to the rear of 236 North 15th Street. (Id.) He drew his gun and gave Appellant commands to lie down on the ground and show his hands, but Appellant continued to try and run away. (N.T. Trial at 60, 72). Appellant ran towards

the back door of 236 North 15th Street and started throwing his shoulder into it in an attempt to get inside. (Id.) While doing so, Officer Galleup testified that Appellant was yelling that he lived there. (N.T. Trial at 60-61). Appellant was unsuccessful in gaining entry, but caused the door to be dented. (N.T. Trial at 61). Officer Galleup then observed Appellant climb the fence and wall separating 236 and 238 North 15th Street. (Id.) At that point, Officer Galleup lost visual sight of Appellant, but heard what sounded like a door being kicked and then shutting. (Id.) Officer Galleup then went around to the front of the home to secure the door, and while he was on the porch, residents from 236 came outside and asked if he was the person banging on their back door. (N.T. Trial at 61-62).

While Officer Galleup was out front, Officer Thomas subsequently gained entry to the rear of 238 North 15th Street, along with Officer Cynthia Kreiser (hereinafter "Officer Kreiser") and heard footsteps running up the steps. (N.T. Trial at 89-90). Officer Kreiser testified that a dryer was pushed in front of the back door. (N.T. at 97). Upon reaching the second floor, Officer Thomas saw that the back window was open. (N.T. Trial at 90). After a few minutes, he was notified by other officers that Appellant was in the home on the opposite side from where they were. (Id.) Officers Galleup and Thomas were informed by radio that Appellant had exited a third floor window of 238 North 15th Street, run across the roof to 240, and entered 240 North 15th Street through a window. (N.T. Trial at 62-63).

Appellant quickly came back out of 240 through the same window and back towards 238. (N.T. Trial at 63). At this point, Officer Kreiser just began climbing the third floor steps of 238 North 15th Street where she saw a male "standing there with his

hands getting ready to push the window back open to come back through." (N.T. at 97-98). She then yelled for Appellant to show his hands (N.T. Trial at 98). Appellant began backing away from the window as Officer Kreiser reached the top of the steps. (Id.) Officer Kreiser stated that she had her weapon out at this point, and went out on to the roof where Appellant was. (Id.) Appellant was standing at the edge when Officer Kreiser again commanded that he show his hands. (Id.) That is when Appellant jumped from the roof and was apprehended by officers who were on the ground. (N.T. Trial at 99).

Upon arrest, Appellant was searched and officers found two (2) receipts from Consolidated Scrapping Resources on Cameron Street. (N.T. Trial at 63-54). The receipts were dated September 20, 2014 and time-stamped at 8:06 A.M. and 9:51 A.M.[7] (N.T. Trial at 65).

## DISCUSSION

### A. SUFFICIENT DIRECT AND CIRCUMSTANTIAL EVIDENCE SUPPORTS THE GUILTY VERDICTS

Appellant first alleges that the Commonwealth failed to present sufficient evidence to prove Appellant intended to commit a crime in any of the buildings he entered. The standard for review of a claim of lack of sufficiency is well settled:

> whether, viewing all evidence admitted at trial, together with all reasonable inference therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

Commonwealth v. Yanoff, 690 A.2d 260, 263 (Pa. Super. 1997).

---

[7] The receipts were marked and admitted into evidence as Commonwealth Exhibit 4 (8:06 A.M.) and Exhibit 5 (9:51 A.M).

In applying this test, the enter record must be considered and "the trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented."[8] Mere conflict in the testimony or the fact that a judge on the same facts would have arrived at a different conclusion does not warrant a new trial.[9]

In Pennsylvania, burglary is defined as an unauthorized entry with the intent to commit a crime after entry.[10] This intent must be formed contemporaneous to the entering, and is determined by using a totality of the circumstances test.[11] "The Commonwealth may prove its case by circumstantial evidence, and the specific intent to commit a crime necessary to establish the second element of burglary may thus be found in the Defendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom."[12] Further, the Commonwealth is not required to allege or prove what particular crime a defendant intended to commit after an unauthorized entry into a building or occupied structure.[13]

In the instant case, the Commonwealth presented sufficient evidence to support the finding that Appellant committed the crimes. With regard to 1614 Herr Street, the Commonwealth presented the testimony of Mr. Zerbe, Officer Galleup and Lily Chang ("Ms. Chang"). Ms. Chang was the owner of 1614 Herr Street at the time of the incident, but was not residing here. (N.T. Trial at 77-78). She testified that she did not

---

[8] Id.
[9] Commonwealth v. Widmer, 744 A.2d 745, 752 (Pa. 2000).
[10] 18 Pa.C.S.A. § 3502.
[11] Commonwealth v. Magnum, 654 A.2d 1146, 1147 (Pa. Super. 1995).
[12] Commonwealth v. Tingle, 419 A.2d 6, 9 (Pa. Super. 1980) citing Commonwealth v. Madison, 397 A.2d 818, 823 (Pa. 1979).
[13] Commonwealth v. Alston, 651 A.2d 1092, 1095 (Pa. 1994).

give Appellant permission to go into the garage on her property, and that the items in the shopping cart were hers. (N.T. Trial at 78-79)

As described above, Mr. Zerbe testified regarding his contact with Appellant on three (3) occasions the morning of September 20, 2014. The first contact was when he first saw Appellant and inquired whether he had authorization to be in the garage of 1614 Herr Street, and advised him not to go into the garage or yard of the property. The second contact was upon Mr. Zerbe's return from a neighbor and he saw Appellant going through the items in the alleyway. The last contact was when Mr. Zerbe called the police after observing Appellant removing things from the garage at 1614 Herr Street.

The testimony of Officer Galleup described the events as they unfolded on September 20, 2014 beginning with his initial contact with Appellant in the area of 15th and Briggs Street, up until the point Appellant was detained and transported for booking.[14] It was Officer Galleup's belief that Appellant matched the description of the suspect of the call to which he was responding. Based upon the totality of the circumstances, the Commonwealth presented sufficient testimony to sustain a conviction of Burglary at 1614 Herr Street.

With regard to 238 North 15th Street, the Commonwealth presented the testimony of Andrea Vaughan (hereinafter "Ms. Vaughan"), Officer Galleup, Officer Thomas, and Officer Kreiser. Officer Galleup testified that he tried to engage Appellant three (3) times before Appellant fled. Officer Galleup chased Appellant to the rear of 236 North 15th Street. In an attempt to evade police, Appellant tried to enter 236 North 15th Street and was unsuccessful. Rather than stop and talk to the police officers who were

_____

[14] This testimony is described in more detail above.

chasing him, Appellant decided to jump the fence to the rear of 238 North 15th Street where he gained entry. Appellant was then seen by officers exiting the window of 238 North 15th Street, running across the roof to 240 North 15th Street, entering 240 North 15th Street through a window, quickly exit through the same window, run back towards 238 North 15th Street, and eventually jump off the roof to the ground where he was detained. There were approximately ten (10) officers between Harrisburg City Police Department and the Capitol Police Department involved.

Ms. Vaughan was the owner of 238 North 15th Street on the day of the incident. She testified that she did not give Appellant permission to enter her home. (N.T. Trial at 83). She indicated that she was not home at the time, but arrived home to find officers still outside of her home. (Id.) The back door was completely broken and the washer and dryer were ripped from the wall as they were used to barricade the back entrance. (N.T. Trial at 84). Based upon the totality of the circumstances, the Commonwealth presented sufficient evidence for a jury to reasonably infer that Appellant intended to commit the crime of flight to avoid apprehension when he entered 238 North 15th Street without permission.

With regard to 240 North 15th Street, the Commonwealth presented the testimony of Raul Velasco (hereinafter "Mr. Velasco") and Officer Galleup. Mr. Velasco was the owner of 240 North 15th Street at the time of the incident. (N.T. Trial at 85). He testified that he did not give Appellant permission to enter his home. (N.T. Trial at 86). He also stated that he and his wife were home at the time and that his wife heard a noise and went to investigate. (N.T. Trial at 85). When she opened to the door to her son's room, she saw Appellant closing the closet door and screamed. (Id.) By the time Mr. Velasco

ran up the stairs, Appellant had already gone out the same window he came in. (Id.) Although Mr. Velasco stated that the window was not locked, it was damaged to the point where he need to purchase a new window and frame. (N.T. Trial at 86-87).

Based upon the totality of the circumstances, the Commonwealth presented sufficient evidence for a jury to reasonably infer that Appellant intended to commit the crime of flight to avoid apprehension when he entered 240 North 15th Street without permission. Therefore, this Court finds that the Commonwealth presented sufficient evidence to sustain a conviction for three (3) counts of Burglary (1614 Herr Street, 238 North 15th Street, and 240 North 15th Street).

B. THE WEIGHT OF THE EVIDENCE SUPPORTS THE GUILTY VERDICTS ON CHARGES OF BURGLARY.

Appellant next alleges that this Court erred in denying his Post-Sentence Motion because the verdict was against the weight of the evidence.

It is well established that:

> A true weight of the evidence challenge 'concedes that sufficient evidence exists to sustain the verdict' but questions which evidence is to be believes. An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court. Indeed, an appellate court should not entertain challenges to the weight of the evidence since [the appellate court's] examination is confined to the "cold record" [and] may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

Commonwealth v. Galindes, 786 A.2d 1004, 1011 (Pa. 2001) (internal citations omitted).

In reviewing the trial court's denial of a motion for a new trial based upon a challenge to the weight of the evidence, the appellate court will give "the gravest consideration to the findings and reasons advanced by the trial judge."[15]

The weight of the evidence supports the jury's findings. As cited at length above, the evidence demonstrated that Defendant removed items from the garage located at 1614 Herr Street, fled from police when Officer Galleup attempted to talk to Appellant regarding the call for a potential burglary, attempted to enter 236 North 15th Street to avoid talking to the police, and actually entered 238 and 240 North 15th Street without permission to avoid talking to the police.

C. THE SENTENCING COURT PROPERLY EXERCISED ITS DISCRETION AND GAVE DUE CONSIDERATION TO RELEVANT FACTORS IN IMPOSING THE SENTENCES

Appellant also contends that this Court erred in denying his Post-Sentence Motions because the sentence was excessive and unreasonable. Appellant was convicted of three (3) counts of Burglary, one (1) count of Attempted Burglary, and one (1) count of Flight to Avoid Apprehension. Appellant has a prior record score of five (5) for sentencing purposes. (Notes of Testimony, Sentencing 12/16/15 ("N.T. Sentencing") at 4). With a prior record score of five (5), the standard ranges for Appellant's convictions are as follows:

- Burglary – Not Adapted for Overnight Accommodation, No Person Present – twelve (12) to eighteen (18) months;

- Burglary – Overnight Accommodation, No Person Present – twenty-four (24) to thirty (30) months;

- Burglary – Overnight Accommodation, Person Present – forty-eight (48) to sixty (60) months;

---

[15] Commonwealth v. Widmer, 744 A.2d 745, 753 (Pa. 2000) (internal citations omitted).

- Flight to Avoid Apprehension, Trial, or Punishment – twelve (12) to eighteen (18) months;

- Criminal Attempt – Burglary – Overnight Accommodation, Person Present – twenty-seven (27) to thirty-three (33) months

At the sentencing hearing, the Court thoroughly explained it's reasoning behind the unusual sentence on the record. That explanation is as follows:

> So instead of going with a particular sentence and running things consecutive with all the subsequent burglaries, I don't think that helps you with the parole board in deciding when you become eligible for all the various portions of that. ...
>
> And that would be then at Count 1, this would be the garage, the original crime, the defendant ... shall be sentenced to a state correctional institution for a period of not less than 12 months nor more than 60 months. And you would be eligible for credit in the amount of 14 months 27 days. ...
>
> Then we're going to skip to Count 4. ... Now in lieu of doing a bunch of standard consecutive sentences it's the intention of the Court to actually sentence above the standard range on this count and then aggregate the other ones as concurrent sentences with it. All right.
>
> And what I'm assuring you is if I were to do the consecutive sentences on each of those it would be in excess of this particular sentence. But I'm giving that as a basis for why this count will be outside the standard range. It'll be above it because I want to structure a sentence that works better for you when the parole board -- ...
>
> And so at Count 4 ... and this would be the house with the people present at the time the break in occurred, the defendant ... shall be sentenced to a term of 6 to 20 years in a state correctional institution. That sentence will be consecutive to the sentence that was previously imposed at Count 1.
>
> And again, the reason that is a higher one is it's going to be the intent of the Court to merge the flight to avoid apprehension since that is the element of the burglary charge that made those criminal trespasses into burglary. ...
>
> So then at Count 2, this could be the burglary of a home with the person not present and an attempted burglary ... at that. And at that sentence the defendant shall be sentenced to a mitigated sentence of 18 months to 36 months. And the reason I'm mitigating that sentence is because I am aggravating the sentence that was imposed at Count 4. And that sentence shall run concurrent with the sentence at Count 4.
>
> At Count 3, again, burglary of the home no person presented ... a mitigated sentence of 18 months to 36 months, and shall also be concurrent with the sentence imposed at Count 4.

Count 5, flight to avoid apprehension, we're satisfied that count is satisfied based upon the others and no further sentence will be imposed at Count 5. ...

So what we've done in effect is given you a lesser sentence than if we would have done it by a bunch of consecutive sentences. I've given you mitigated to offset those but I think that'll make it easier for the parole board to move forward with the parole process. ...

If you would prefer not to have an aggravated range on that and you would like consecutive sentences you can file that motion to reconsider and we will structure – it'll be the same total sentence but we'll break it down into the counts where they all become standard range sentences.

(Notes of Testimony, Sentencing at 15-21).

Accordingly, we ask the Superior Court of Pennsylvania to affirm the Order of December 30, 2015 denying Appellant's Post-Sentence Motions, and dismiss the appeal in this matter.

Date: _March 4, 2016_          **Respectfully submitted:**

**William T. Tully, J.**

2016 MAR -7 AM 10: 18

DAUPHIN COUNTY PENNA

RECEIVED
OFFICE OF
CLERK OF COURTS

DISTRIBUTION:
Joseph P. Cardinale, Jr., Esquire – District Attorney's Office
Jonathan White, Esquire – Public Defender's Office
Clerk of Courts
Court Administration
FILE