**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LESLIE EUGENE SMITH | : | |
| Appellant | : | |
| | : | No. 1804 WDA 2015 |

Appeal from the Judgment of Sentence November 10, 2015
In the Court of Common Pleas of Fayette County
Criminal Division No(s): CP-26-CR-0000777-2015

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 02, 2016**

Appellant, Leslie Eugene Smith, appeals from the Judgment of

Sentence entered in the Fayette County Court of Common Pleas following his

jury conviction of one count each of Flight to Avoid Apprehension, Trial, or

Punishment,[1] a third-degree felony, and False Identification to Law

Enforcement Officer,[2] a third-degree misdemeanor.  After careful review, we

affirm in part and reverse in part.

---

[1] 18 Pa.C.S. § 5126(a).

[2] 18 Pa.C.S. § 4914(a).

On July 25, 2014, the Commonwealth charged Appellant with the above crimes, following his July 2, 2014, escape from Renewal, Inc. Residential Reentry Center in Pittsburgh.[3]

Appellant proceeded to a jury trial at which the Commonwealth presented the testimony of two witnesses: Deputy U.S. Marshall Daniel Juba and Sergeant John Brant of the Brownsville Police Department. Appellant did not present any evidence or testimony on his own behalf.

Deputy Marshall Juba testified that, upon receiving a warrant for Appellant's arrest, he faxed the information contained in the warrant to the Brownsville Police Department because Appellant had previously resided in Brownsville and his family members currently resided there. *Id.* at 21. Deputy Marshall Juba further testified that he went to Appellant's brother's residence in Brownsville and asked him to notify Appellant that a warrant had been issued for his arrest in connection with his absconding from Renewal, and that Appellant should turn himself in. *Id.* at 22.

Sergeant Brant testified that on July 24, 2014, he observed Appellant at a gas station in Brownsville, Fayette County. N.T., 11/2/15, at 31. Sergeant Brant was dressed in full uniform, with his badge displayed, and wearing body armor with the word "POLICE" on it. *Id.* at 32, 38-39. When Sergeant Brant approached Appellant and questioned him about his identity,

---

[3] Appellant had been serving a federal sentence for a conviction for Possession with Intent to Deliver 50 Grams or More of Cocaine Base (Crack). The federal court issued a warrant for his arrest following the escape.

Appellant denied that he was Leslie Smith, but did not give Sergeant Brant a false name. *Id.* at 32, 38. Sergeant Brant testified that he asked Appellant for identification, which Appellant did not provide, and then Sergeant Brant pulled out his taser and told Appellant to get on the ground. *Id.* at 32, 39. According to Sergeant Brant's uncontradicted testimony, rather than comply with his instruction to get on the ground, Appellant then "ran across High Street, across the highway onto just a little local street, Hollow Road, which is a downhill windy road, and it has a little bit of street lighting on it." *Id.* at 33. Sergeant Brant testified that he, "chased him down that road probably fifty yards and then [Appellant] ran over to the guardrail and jumped over the hillside that had a very steep embankment with a lot of brush and trees and stuff like that." *Id.* Sergeant Brant conceded that he did not inform Appellant that he was the subject of a police investigation. *Id.* at 39. Sergeant Brant ultimately called for assistance in apprehending Appellant. *Id* at 36. Despite erecting a large perimeter in the area, the officers did not locate Appellant that night, and they called off the search. *Id.*

Approximately one month later, on August 26, 2014, Sergeant Brant located Appellant in an apartment in Brownsville, and took him into custody. *Id.*

Following the close of the Commonwealth's case-in-chief, Appellant's counsel moved for a Judgment of Acquittal as to both charges, which the trial court denied.

Less than one hour later, the jury convicted Appellant of both charges. On November 10, 2015, the trial court sentenced Appellant to the standard range sentence of 12 months' to 36 months' incarceration for the Flight to Avoid Apprehension, Trial, or Punishment conviction. It imposed no sentence for the False Identification to Law Enforcement Officer conviction.

Appellant timely appealed from the Judgment of Sentence. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following two issues on appeal:

> 1. Did the Commonwealth fail to prove that the Appellant was actually charged with a felony and fled to avoid prosecution?
>
> 2. Did the Commonwealth fail to prove that the Appellant provided false information to law enforcement after being advised that he was the subject of an official investigation?

Appellant's Brief at 7.

Both of the issues Appellant raises challenge the sufficiency of the evidence presented by the Commonwealth at Appellant's trial. Our standard of review of sufficiency claims is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter

of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa. Super. 2006) (quotation and citation omitted).

A person shall be convicted of Flight to Avoid Apprehension, Trial, or Punishment, a third-degree felony, when he "willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment" and when the crime with which he has been charged or convicted is a felony. 18 Pa.C.S. § 5126(a); *see*, *e.g.*, *Commonwealth v. Steffy*, 36 A.3d 1109, 1112 (Pa. Super. 2012) (holding that, for purposes of a flight conviction, "awareness of the underlying offense is necessarily imputed to [a defendant]").

Appellant argues in his first issue that the Commonwealth failed to present sufficient evidence to sustain his conviction for felony Flight to Avoid Apprehension, Trial, or Punishment because, even according to its own witnesses, Appellant had not been charged with escaping from the halfway house at the time of the events giving rise to the instant charge. Appellant's Brief at 11. Appellant avers that since he had not been formally charged

with the escape from the halfway house, he could not have been trying to avoid apprehension, trial, or punishment for his escape. ***Id.***

We disagree with the Appellant's reasoning, which he appears to base on a misapprehension of the genesis of the charge against him. Rather, we agree with the trial court, which reasoned that, "[t]he very act of leaving custody is in fact [ ] escaping punishment, because being in custody even if it is the halfway house is a form of confinement that is considered punishment under the law." N.T. at 44.

Here, Appellant escaped from confinement in the federal halfway house imposed upon him as punishment for a federal felony conviction for Possession with Intent to Deliver. When Sergeant Brant attempted to apprehend Appellant, he fled apprehension to avoid having to return to serve the remainder of his punishment. Thus, the evidence, when viewed in the light most favorable to the Commonwealth as the verdict-winner, showed that Appellant willfully travelled within the Commonwealth with the intent to avoid punishment, *i.e.*, completing his federal sentence. ***See*** 18 Pa.C.S. § 5126(a). Accordingly, we find that the Commonwealth presented the jury with sufficient evidence to convict Appellant of the above charge. Appellant's sufficiency claim, therefore, fails.

Appellant next avers that the Commonwealth's evidence was insufficient to support his conviction on False Identification to Law Enforcement Authorities because the Commonwealth failed to present

testimony that Sergeant Brant advised Appellant that he was the subject of an official police investigation and because Appellant did not affirmatively provide Sergeant Brant with a fake name or identification. Appellant's Brief at 13-14.

This claim of error requires us to interpret 18 Pa.C.S. § 4914(a) which provides:

> A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S. § 4914(a).

In *In re: D.S.*, 39 A.3d 968 (Pa. 2012), the Pennsylvania Supreme Court considered the language of Section 4914(a) and held that, in order to sustain a conviction of False Identification to Law Enforcement Officer, the Commonwealth must present evidence that a law enforcement officer affirmatively informed an individual that he is the subject of an official police investigation. *See In re: D.S.*, 39 A.3d at 974-75. In rejecting the Commonwealth's argument that the Court should interpret the ways in which a person may be informed of something to include circumstantial inferences, the *D.S.* court concluded that there is "no language in the statute to suggest that the General Assembly intended that an individual's knowledge [that he is the subject of an official police investigation] could be derived from the surrounding circumstances." *Id.* at 975.

Accordingly, in light of the holding in **In re: D.S.**, we find that the language of Section 4914(a) clearly and unambiguously required Sergeant Brant to inform Appellant explicitly that he was the subject of an official police investigation. **See id.** Our review of the Notes of Testimony confirms that the Commonwealth did not present testimony or evidence that Sergeant Brant advised Appellant that he was the subject of an official police investigation. In fact, as noted **supra**, Sergeant Brant conceded that he did not so advise Appellant. We, therefore, agree with Appellant that the Commonwealth presented insufficient evidence to sustain this charge.[4]

For the foregoing reasons, we conclude that the Commonwealth met its burden of proof with respect to Appellant's conviction of Flight to Avoid Apprehension, Trial, or Punishment, but did not meet its burden of proof with respect to Appellant's conviction of False Identification to Law Enforcement Officer. We, therefore, affirm in part and reverse in part. However, because the trial court imposed no sentence on Appellant's of False Identification to Law Enforcement Officer, our decision does not disturb the overall sentencing scheme, and we need not remand for resentencing.

---

[4] Because of our disposition of this claim, we need not reach the merits of Appellant's argument that his failure to affirmatively provide Sergeant Brant with a false name or identification precluded his conviction under Section 4914(a).

J.S48027/16

Judgment of Sentence imposed on conviction of 18 Pa.C.S. § 5126(a) affirmed. Judgment of Sentence imposed on conviction of 18 Pa.C.S. § 4914(a) vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016

- 9 -