J-S52026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMIAH DELAUN SPOTTS :
:
Appellant : No. 1760 MDA 2017

Appeal from the Judgment of Sentence Entered October 4, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003724-2016

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: NOVEMBER 9, 2018**

Jeremiah Delaun Spotts appeals from the judgment of sentence imposed on October 4, 2017. Spotts contends that the Commonwealth presented insufficient evidence to sustain his conviction for flight to avoid apprehension.[1] We affirm.

The facts and procedural history of this case are as follows. Pennsylvania State Trooper Nicholas D. Long testified that on March 6, 2016, he requested for the issuance of an arrest warrant for Spotts for charges stemming from an incident that occurred three days beforehand. Notes of Testimony ("N.T."), Trial, 7/17/17, at 8-10. A summons for Spotts' attendance at a preliminary hearing on those charges was sent by certified mail to Spotts' home address.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5126(a).

*Id.* at 11-13. The summons advised Spotts that his failure to appear at the preliminary hearing could result in the issuance of a bench warrant:

> If you fail to appear for the preliminary hearing on the date and at the time and place specified above, the case will proceed in your absence. If the case is held for court, a request for a bench warrant against you will be transmitted to the Court of Common Pleas. In addition, if you fail to appear without cause at any proceeding for which your presence is required, including trial, your absence may be deemed a waiver of your right to be present, and the proceeding, including the trial, may be conducted in your absence.

Summons for Criminal Case, dated 3/29/16. Spotts received the summons on April 1, 2016, and signed a notification of receipt. N.T. at 16.

The preliminary hearing was scheduled for April 27, 2016. *Id.* at 14. Spotts failed to appear at the hearing and the trial court issued a bench warrant, as the summons had warned. *Id.* at 17.

Pennsylvania State Trooper Michael A. Schatzmann testified that on May 8, 2016, while on duty, he drove by Spotts' house and noticed him walking through his yard. *Id.* at 19. Trooper Schatzmann was in the area because there was an active warrant for Spotts' arrest and the Pennsylvania State Police "were checking various locations to locate [Spotts]." *Id.* at 22. When he saw Spotts, Trooper Schatzmann pointed his flashlight in Spotts' direction. *Id.* Spotts stopped and Trooper Schatzmann stated, "State Police." *Id.* After hearing this, Spotts ran. *Id.* Eventually, Trooper Schatzmann caught up with Spotts and arrested him pursuant to the active bench warrant. *Id.* at 26. The Commonwealth charged him with flight to avoid apprehension and a jury

found him guilty. The trial court imposed a sentence of two years' probation. This timely appeal followed.

Spotts raises one issue for our review: "Whether the evidence presented at trial was insufficient to sustain a guilty verdict on the charge of Flight to Avoid Apprehension, 18 [Pa.C.S.A.] 5126(a)?" Spotts' Br. at 4.

When reviewing a claim challenging the sufficiency of the evidence, we view the facts in the most favorable light "to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). A challenge to the sufficiency of the evidence is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Crawley**, 924 A.2d 612, 614 (Pa. 2007). Evidence is sufficient to sustain a conviction where it supports each element of the crime beyond a reasonable doubt. **Widmer**, 744 A.2d at 751.

Here, Spotts contends that the evidence was insufficient because "there was no evidence presented that Mr. Spotts knew there was a warrant for his arrest . . . ." Spott's Br. at 8. He contrasts the facts of this case with those of **Commonwealth v. Steffy**, 36 A.3d 1109 (Pa.Super. 2012). In that case, this Court concluded that there was sufficient evidence to sustain a conviction for flight to avoid apprehension because the Commonwealth presented testimony that Steffy fled when he was told that there was an outstanding warrant for his arrest. **Steffy**, 36 A.3d at 1112. Spotts claims that unlike **Steffy**, there

was no evidence that he knew there was a warrant for his arrest. **See** Spotts' Br. at 8.

We disagree. There was ample circumstantial evidence that he knew of the outstanding warrant. "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011) (citation omitted). Flight to avoid apprehension is defined by the Pennsylvania Crimes Code as:

> (a) **Offense defined**. -- A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126(a).

Here, Spotts received a summons warning that if he did not appear at his preliminary hearing, a bench warrant would be issued for his arrest. He failed to appear at the hearing and, as promised, the court issued a warrant. Less than two weeks later, Spotts ran when Trooper Schatzmann approached him and identified himself as the "State Police." These facts, viewed in the light most favorable to the Commonwealth, were sufficient to prove, beyond a reasonable doubt, that Spotts "move[d] or travel[ed]" with the intent of avoiding trial for his original offense. **See** 18 Pa.C.S.A. § 5126. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018