J-S53030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY ROBERT BAKER, JR. | : | |
| | : | |
| Appellant | : | No. 900 EDA 2019 |

Appeal from the PCRA Order Entered March 7, 2019
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0000130-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY ROBERT BAKER, JR. | : | |
| | : | |
| Appellant | : | No. 901 EDA 2019 |

Appeal from the PCRA Order Entered March 7, 2019
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002940-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY ROBERT BAKER, JR. | : | |
| | : | |
| Appellant | : | No. 902 EDA 2019 |

Appeal from the PCRA Order Entered March 7, 2019
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002467-2017

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J. :                    **FILED DECEMBER 24, 2019**

Appellant, Barry Robert Baker, Jr., appeals from the March 7, 2019 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

In this collateral proceeding, Appellant claims plea counsel was ineffective for advising Appellant to plead guilty to flight to avoid apprehension because the Commonwealth could not have proven all elements of that offense.  The relevant procedural history is as follows.

On May 17, 2017, Appellant was charged with simple assault, harassment, and disorderly conduct[1] for his unprovoked punching and mocking of a victim who suffered from cystic fibrosis.  Appellant posted bail and was released, but a bench warrant was issued for his violation of probation on a prior conviction.  N.T. Guilty Plea, 9/25/17, at 17-18.  Appellant's subsequent flight led to a manhunt involving, among others, the United States Marshals, the Chester County Sheriff Fugitive Task Force, the Delaware State Police, the Pennsylvania State Police, and the West Chester Police Department.  *Id.*  Appellant's ten-day flight took him through "Maryland, Pennsylvania, and Delaware, driving long hours and camping in the woods, making sure to keep on the move.  He told his girlfriend, Denise Schmidt, that

---

[1]  18 Pa.C.S.A. §§ 2701, 2709, and 5503.

he was in the mountains in Tennessee, Canada, and various other places."

*Id.* at 19.

Other pertinent facts from the guilty plea hearing are as follows:

A forensic search of [Appellant's] cell phone showed that he was Googling Florida, Mexico, South Carolina, Kentucky, and Virginia. He was continually looking up Greyhound Bus schedules and text messaging his friends about finding a place to lay low down south. He acknowledged that the District Attorney's Office was seeking one to two years on the assault case, and stated that he was not going back to prison, that the cops would never find him, that he could go to Canada and wait seven years to come back.

He searched on his cell phone for things like how to change your name, how to stop police from pinging your phone, and then eventually turned his phone onto airplane mode. Despite numerous pleas from his friends and his fiancée that are visible on his cell phone, he did not turn himself in.

On June 4th of 2017, [Appellant] directed Denise Schmidt to obtain a hotel room for them using cash in a different person's name. After obtaining the hotel room his fiancée hid a key near the door so [Appellant] would be able to access the room without anyone seeing him.

On June 5th of 2017, members of the United States Marshal's Fugitive Task Force was [sic] finally able to apprehend [Appellant] at the Clairton Hotel in Exton, where he was found hiding in the bathroom.

*Id.* at 19-20. Prior to his flight, Appellant's attorney advised him, in the presence of Appellant's fiancée, that warrants were out for his arrest. *Id.* at 18. Because of his flight with an outstanding bench warrant against him, the Commonwealth charged Appellant with flight to avoid apprehension, 18 Pa.C.S.A. § 5126.

Appellant pled guilty to the assault and flight to avoid prosecution charges on September 25, 2017. On November 29, 2017, the trial court imposed an aggregate three to six years of incarceration for assault, flight to avoid prosecution, and violation of probation. Appellant did not file a direct appeal. On August 10, 2018, Appellant, proceeding *pro se*, filed a motion to modify his sentence. The trial court treated the motion as a timely first PCRA petition and appointed counsel. Counsel filed an amended petition on October 11, 2018. The PCRA court filed a notice of intent to dismiss on February 6, 2019, and entered the order on appeal on March 7, 2019. This timely appeal followed.[2]

Presently, Appellant argues that the PCRA court erred in dismissing his petition without a hearing because plea counsel was ineffective in advising him to plead guilty to flight. On review, we must determine whether the facts support the PCRA court's order, and whether the PCRA court committed an error of law. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

> To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which include a violation of the Pennsylvania or United States

---

[2] This matter involves three separate trial court dockets, stemming from the November 29, 2017 sentencing proceeding at which the trial court imposed sentence for assault, flight to avoid prosecution, and the prior probation violation. Appellant filed three separate notices of appeal in accord with our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). We observe that Appellant's PCRA petition addresses only the flight to avoid prosecution charge filed at docket number 2940 of 2017.

> Constitution or ineffectiveness of counsel, any one of which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i) and (ii).

*Id.* at 617-18. The PCRA court can dismiss a petition without a hearing when it is "satisfied that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be satisfied by any further proceedings[.]" Pa.R.Crim.P. 907(1). The decision whether to conduct a hearing rests within the PCRA court's discretion. *Mason*, 130 A.3d at 618.

To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the disputed action or inaction; and (3) counsel's error prejudiced the petitioner such that the outcome of the underlying procedure would have been different but for the error. *Id.* 618. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* A petitioner alleging ineffective assistance of plea counsel satisfies the prejudice probing by demonstrating a reasonable

probability that the petitioner would not have pled guilty but for counsel's error. *Id.*

Appellant claims counsel was ineffective because the Commonwealth did not have sufficient evidence to prove flight to avoid apprehension. Section 5126 applies where the defendant flees knowing that a criminal charge is pending against him. Appellant posted bail and was at liberty on the assault charge,[3] and he claims the potential probation violation arising from the assault charge was not a proper basis for charging him with flight under § 5106. We begin with the statutory language:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126(a). By its plain language, § 5126 applies only if the defendant has been charged with a crime. *Commonwealth v. Phillips*, 129 A.3d 513, 518 (Pa. Super. 2015). The *Phillips* Court vacated a conviction under § 5126 where there was no evidence of a previous charge or conviction. *Id.* at 519.

---

[3] Section 5126(b) provides that no offense occurs where "a person set at liberty by court order […] fails to appear at the time or place specified in the order." 18 Pa.C.S.A. § 5126(b). Appellant posted bail and was at liberty on the assault charge. The Commonwealth relied on the probation violation, not the assault charge, as the basis for charging Appellant under § 5126.

In **Commonwealth v. Steffy**, 36 A.3d 1109 (Pa. Super. 2012), police stopped the defendant for speeding and then learned of his outstanding arrest warrant for violation of probation. Police informed the defendant of the warrant and asked him to get out of his car. The defendant did so, and then fled when a police officer tried to handcuff him. **Id.** at 1110. The Commonwealth charged the defendant with a felony violation of § 5126 because the outstanding warrant was for violation of probation on a felony charge. The defendant challenged the sufficiency of the evidence, claiming he did not know that the outstanding bench warrant was related to a felony. **Id.** at 1111. This Court rejected the defendant's argument, noting that the statute does not require knowledge of the grade of offense for which he is attempting to avoid apprehension. **Id.** at 1111-12. Furthermore, we concluded that Appellant had imputed knowledge of his underlying felony conviction and of the conditions of his probation. **Id.** at 1112. **Steffy**, establishes that a defendant's knowledge of an outstanding warrant supports a conviction under § 5126.

Appellant, relying upon **In re P.S.**, 158 A.3d 643 (Pa. Super. 2017), **appeal denied**, 174 A.3d 1029 (Pa. 2017), claims **Steffy** is distinguishable here. In **P.S.**, the juvenile was on the equivalent of probation when police attempted to stop him while he was driving a stolen vehicle. Appellant fled in the vehicle instead of pulling over. On those facts, he was found delinquent under § 5126. We noted that § 5126 "'requires that a person has been

charged with a crime' at the time he or she flees from law enforcement." *Id.* at 652 (quoting *Phillips*, 129 A.3d at 518). The *P.S.* panel concluded as follows:

> Here, at the time Appellant fled he was on the juvenile equivalency of probation. However, he had not been charged with a crime nor adjudicated delinquent and awaiting sentencing. The plain language of the statute says nothing about fleeing to avoid apprehension for potential probation violations. Hence, there was insufficient evidence to support Appellant's adjudication of delinquency for flight to avoid apprehension and we vacate that adjudication.

*Id.* at 652. In other words, Appellant's flight from police in a stolen vehicle created the potential for a probation violation, but no such violation was pending as of Appellant's flight.

*P.S.* is easily distinguishable from this case because a bench warrant for violation of his probation was pending against Appellant before he fled. As explained above, defense counsel notified Appellant of the pending bench warrant prior to Appellant's flight. A search of Appellant's cell phone established that he was aware of the pending charge and hoped to avoid apprehension. Furthermore, *Steffy* teaches that a defendant has imputed knowledge of his prior conviction and the terms of his probation. Pursuant to *Phillips* and *Steffy*, the bench warrant for Appellant's probation violation, and his knowledge thereof, was sufficient to support a conviction under § 5126. As a result, there is no arguable merit to the issue underlying Appellant's ineffective assistance of counsel claim and the claim fails. We discern no error in the order dismissing Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/19