**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James M. STEFFY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 2011.

Filed Jan. 25, 2012.

———

Matthew R. Cravitz, Public Defender, Middleburg, for appellant.

Michael F.J. Piecuch, Assistant District Attorney, Middleburg, for Commonwealth, appellee.

BEFORE: BOWES, COLVILLE,* and FITZGERALD,** JJ.

OPINION BY BOWES, J.:

James M. Steffy appeals from the judgment of sentence of three years and three months to six and one-half years incarceration imposed by the trial court after his convictions for flight to avoid apprehension and driving under suspension. We affirm.

The pertinent facts are as follows. Officer Edward Smith effectuated a traffic stop on Route 522 in Spring Township, Snyder County, Pennsylvania after clocking Appellant driving at fifty-one miles per hour in a thirty-five mile per hour zone. After approaching the vehicle, the officer asked Appellant for his license, registration, and insurance information. Appellant was unable to provide his information and Officer Smith conducted a check through the Snyder County Communication Center. This initial investigation revealed an outstanding bench warrant for Appellant's arrest. The officer informed Appellant of this information and Appellant denied knowledge of an arrest warrant. However, when Officer Smith asked Appellant to exit his car and attempted to handcuff him, Appellant fled. Appellant was apprehended several days later. The active warrant for Appellant related to his convictions for felony offenses.

Following Appellant's arrest, Officer Smith charged him with a felony of the third degree flight to avoid apprehension, resisting arrest, and driving under a suspended license. The grading of the flight to avoid apprehension charge was due to Appellant having been convicted of a felony at the time of the flight. After litigation of a *habeas corpus* petition, the court dismissed the resisting arrest charge. However, following a stipulated non-jury trial, the trial court adjudicated Appellant guilty of the remaining counts. Thereafter, the court sentenced Appellant to three to six years imprisonment on the flight to avoid apprehension charge and a consecutive term of incarceration of three to six months on the driving with a suspended license conviction.

Appellant's sole issue on appeal is "[w]hether the [t]rial [c]ourt erred in finding that the Commonwealth presented sufficient evidence that Appellant was fleeing from a felony warrant where there was no evidence presented that either Appellant or the arresting officer were aware of what the warrant was for." Appellant's brief at 2.

Appellant argues that the Commonwealth failed to prove the requisite criminal intent element of the crime. The relevant statutory language reads:

§ 5126. **Flight to avoid apprehension, trial or punishment**

(a) **Offense defined.**—A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has

* Retired Senior Judge assigned to the Superior Court.

** Former Justice specially assigned to the Superior Court.

been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S. § 5126.

According to Appellant, he was not aware that the bench warrant for his arrest was related to a felony, therefore he could not have intended to avoid apprehension from the underlying felony conviction. Appellant, citing *Commonwealth v. Janis*, 400 Pa.Super. 280, 583 A.2d 495 (1990), analogizes the flight to avoid apprehension statute with the escape statute and case law interpreting that provision. In *Janis*, a defendant was charged with felony escape. The escape charge resulted after Janis was arrested for retail theft, ordinarily a summary offense. Janis remained seated in a police station for two hours but had not yet been charged with a crime when the detective watching Appellant received a personal telephone call and left the station. Before leaving the police station, the officer handcuffed Appellant to a wall. However, he did not properly secure the handcuff. Janis removed the handcuff and entered another room. After learning that no other person was present in the station, he walked outside. Another detective approached in a car and Janis fled. This Court reasoned that because Janis had not yet been charged or convicted of a felony retail theft when he escaped, it was improper to grade the offense as a felony.

Additionally, Appellant attempts to distinguish this matter from *Commonwealth v. Sparks*, 737 A.2d 787 (Pa.Super.1999). Therein, the defendant was on state parole after committing two felonies. Appellant allegedly violated his parole and was arrested by a Pennsylvania State Parole Agent. When the agent attempted to put the defendant into the back seat of the agent's vehicle, the defendant fled. This Court held that because the defendant was on state parole for two prior felony convictions, the sentencing court properly graded his escape offense as a felony. Appel-

lant contends that, unlike *Sparks*, neither he nor Officer Smith knew that the arrest warrant herein was for a felony.

The Commonwealth counters that at the time Appellant fled from Officer Smith, he was convicted of a felony offense and was wanted for a probation violation on that felony charge. In addition, the Commonwealth submits that both *Janis, supra* and *Sparks, supra*, support Appellant's conviction. The Commonwealth highlights that at the time Appellant fled from police he was not under arrest for speeding and was being handcuffed because he had an outstanding bench warrant, which was for a felony offense. Since Appellant was on county supervision based on his commission of a felony, and avoided apprehension, the Commonwealth posits that the trial court properly graded the offense as a felony of the third degree.

■ Resolving this issue involves interpreting the language of the flight to avoid apprehension statute. Statutory interpretation presents a question of law for which our standard of review is *de novo*. *Commonwealth v. Hart*, 28 A.3d 898 (Pa.2011). Further,

> Our task in construing a statute is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*Commonwealth v. Sarapa*, 13 A.3d 961, 964 (Pa.Super.2011).

■ Instantly, the plain language of the statute requires that the defendant intend to avoid apprehension, trial or punishment. The statute does not mandate that the defendant have knowledge of the precise grading of the offense for which he

is attempting to avoid capture. The intent element of the crime is separate and apart from whether the person has been convicted or is charged with a felony. Furthermore, nothing in the statutory language requires that police have knowledge of the underlying charge or conviction. It is sufficient for the defendant to intentionally elude law enforcement to avoid apprehension, trial or punishment on a charge or conviction. Where that charge or conviction is a felony, the flight to avoid apprehension charge is properly graded as a felony of the third degree.

█ The record demonstrates that Appellant was not avoiding apprehension for a speeding ticket, but was eluding police to avoid apprehension and punishment based on his knowledge that he had an outstanding bench warrant for his arrest. Here Appellant willfully fled from police when told that there existed a warrant for his arrest. That warrant was for a violation of probation on a felony conviction. Thus, the trial court properly graded the offense as felony of the third degree.

█ Moreover, awareness of the underlying felony conviction is necessarily imputed to Appellant. Appellant cannot reasonably complain that he did not know that he was convicted of a felony. Further, his position that he did not know that the warrant was premised on his violations of probation on a felony charge borders on the absurd. Knowledge of his probation conditions must also be attributed to him; therefore, he would be aware of whether or not he was in violation of those terms and conditions. Thus, Appellant's position that he was unaware of why there was an outstanding bench warrant for his arrest is devoid of merit.

Finally *Janis, supra,* offers Appellant no refuge. In the instant case, there is no issue regarding what crime Appellant was under arrest for at the time he avoided apprehension. Instead, the relevant inquiry was whether Appellant had been convicted of a felony and if his concealment from police to avoid apprehension and or punishment was related to that crime. Since the warrant for Appellant's arrest was premised on a violation of felony probation, he is not entitled to relief.

Judgment of sentence affirmed.