J-S43013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT FRANCI SEIGEL | |
| Appellant | No. 1845 MDA 2015 |

Appeal from the Judgment of Sentence October 7, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000201-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 20, 2016**

Appellant, Robert Franci Seigel, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following his jury trial conviction for flight to avoid apprehension, trial or punishment.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On or around May 16, 2014, Appellant completed paperwork evidencing his intent to plead guilty to two charges of driving under the influence of alcohol or a controlled substance ("DUI") at docket CP-54-CR-0001107-2013 and docket CP-54-CR-000169-2013.  On May 30, 2014, the court held a hearing in the DUI cases to determine if Appellant had completed a Court Reporting

_____

[1] 18 Pa.C.S.A. § 5126(a).

Network ("CRN") evaluation before accepting Appellant's guilty plea. The court determined Appellant had not completed a CRN evaluation and issued the following order:

> [Appellant] having submitted a petition to enter a plea of guilty on a DUI offense but having failed to obtain a CRN evaluation, it is hereby ordered that [Appellant] immediately schedule an appointment for the CRN evaluation and provide written proof thereof to the criminal court administrator no later than two weeks from the date of this Order. If [Appellant] fails to do so or fails to keep his…scheduled appointment, bail will be revoked, a bench warrant will issue, and [Appellant] will remain incarcerated until such time a CRN is completed.

(N.T. Trial, 8/31/15, at 54-55).[2] On November 17, 2014, the court held a status hearing, which Appellant failed to attend. Appellant had not yet completed a CRN evaluation at the time of the status hearing. As a result, the Commonwealth asked the court to issue a bench warrant for Appellant's arrest and revoke bail. The court signed an order granting the Commonwealth's request on November 21, 2014, stating:

> Upon motion of the District Attorney's Office, it is hereby ordered that a bench warrant be issued and executed forthwith to take [Appellant] into custody.
>
> It is further ordered that the bond posted in this case be declared forfeited without prejudice to the right of the

---

[2] The Commonwealth introduced the May 30, 2014 order as Commonwealth's Exhibit 2 at trial. This exhibit is not included in the certified record. Nevertheless, Commonwealth witness Debra Holley, a deputy clerk for the Clerk of Courts, read the content of this order into the record during her testimony.

> surety or [Appellant] to petition to have the forfeiture set aside.
>
> The Clerk of Courts is directed to give written notice of the forfeiture to the surety, or if there is no surety to [Appellant] personally, or by certified mail at the last known address.

(*Id.* at 56).[3]  The November 21, 2014 order was filed in the Clerk of Courts on December 3, 2014.

At approximately 8:30 p.m. on November 21, 2014, Officer Travis Bowman was on duty when he received a radio dispatch that Appellant was located at the One Stop Shop convenience store and that there was an active warrant concerning Appellant.  Officer Bowman called the Schuylkill County Communications Center and verified there was an active warrant for Appellant.[4]  Officer Bowman proceeded to the area and observed Appellant standing outside.  Appellant noticed the police vehicle and looked down, appearing to hide his face.  Officer Bowman pulled over his vehicle and exited the car, when Appellant began quickly walking and then running away.  Officer Bowman engaged in a brief chase of Appellant and ultimately apprehended him.  The officer took Appellant into custody and transported him to the police station.  The Commonwealth subsequently charged

---

[3] The Commonwealth introduced this order as Commonwealth's Exhibit 3. This exhibit is also missing from the certified record.  Nevertheless, Ms. Holley read the content of this order into the record during her testimony.

[4] The officer was uncertain of the basis for the warrant.

Appellant with, *inter alia*, flight to avoid apprehension, trial or punishment.

Appellant proceeded to a jury trial on August 31, 2015. At trial, the Commonwealth called four witnesses: Debra Holley, Kyla Snyder, Officer Bowman, and Officer David Stamets. Ms. Holley testified, *inter alia*, she is a deputy clerk for the Clerk of Courts. Ms. Holley discussed several relevant filings in the Clerk of Courts including, Appellant's paperwork agreeing to plead guilty to two DUI charges, the court's May 30, 2014 order directing Appellant to complete a CRN evaluation, and the November 21, 2014 order directing a bench warrant to be issued. Ms. Snyder testified, *inter alia*, she is the DUI administrator for the District Attorney's Office. Ms. Snyder discussed the requirements of a CRN evaluation prior to disposition of a guilty plea for DUI, the purpose of holding a status hearing on November 17, 2014 to determine why Appellant had not completed a CRN evaluation and when the evaluation would be completed, and the November 21, 2014 order directing a warrant to be issued. Ms. Snyder also confirmed the DUI charges at issue were misdemeanor offenses. Officer Bowman testified, *inter alia*, regarding the radio dispatch he received on November 21, 2014 concerning Appellant, the officer's verification of an active warrant for Appellant, and the officer's interaction with and apprehension of Appellant that evening. Officer Stamets testified, *inter alia*, about the radio dispatch concerning Appellant, verification of an active warrant for Appellant, and the officer's interaction with Appellant at the police station following apprehension. At

the conclusion of the Commonwealth's case-in-chief, Appellant moved for judgment of acquittal on the flight charge, which the court denied. Appellant exercised his right not to present any evidence/testimony.

The jury convicted Appellant of flight to avoid apprehension, trial or punishment. On October 7, 2015, with the benefit of a pre-sentence investigation report, the court sentenced Appellant to time-served to twelve (12) months' county imprisonment. Appellant timely filed a notice of appeal on October 22, 2015. On November 4, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.[5]

Appellant raises one issue for our review:

> DID THE COMMONWEALTH FAIL TO PRESENT EVIDENCE THAT A MISDEMEANOR WARRANT OR NON-SUMMARY OFFENSE WARRANT EXISTED AT THE TIME OF [APPELLANT'S] ARREST AND IF IT EXISTED THAT [APPELLANT] WAS AWARE OF THE WARRANT AND CONCEALED HIMSELF OR TOOK FLIGHT IN ORDER TO AVOID APPREHENSION?

---

[5] On November 13, 2015, this Court issued a *per curiam* order directing Appellant to show cause why the appeal should not be quashed where the October 7, 2015 judgment of sentence did not appear on the trial court docket. This Court issued a second rule to show cause on December 4, 2015, after Appellant failed to respond. On December 11, 2015, Appellant explained the Clerk of Courts had inadvertently omitted the judgment of sentence from the docket. Appellant submitted an updated docket reflecting the sentence imposed on October 7, 2015. On December 17, 2015, this Court discharged the show-cause orders and referred the issue to the merits panel. Our review of the certified docket confirms entry of the judgment of sentence. Thus, there are no jurisdictional impediments to our review.

(Appellant's Brief at 4).

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Appellant argues he was visible on the streets of the Shenandoah Borough from the time he submitted the guilty plea paperwork until his apprehension. Appellant asserts he did not leave his hometown, and the Commonwealth failed to show Appellant concealed himself from law enforcement. At most, Appellant contends, the Commonwealth demonstrated he walked away from police on November 21, 2014.

Appellant claims the Commonwealth presented no evidence that Appellant had notice of the court's November 17, 2014 status hearing. Appellant contends the "active warrant" the officers verified prior to Appellant's arrest was not the November 21, 2014 order concerning his DUI cases (which was not filed with the Clerk of Courts until December 3, 2014), but was merely an unrelated "borough" warrant. Appellant concludes the Commonwealth presented insufficient evidence to sustain his conviction, and this Court must vacate the judgment of sentence. We disagree.

The Crimes Code defines the offense of flight to avoid apprehension, trial or punishment, as follows:

> **§ 5126. Flight to avoid apprehension, trial or punishment**
>
> **(a) Offense defined.—**A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.
>
> **(b) Exception.—**Subsection (a) shall not apply to a person set at liberty by court order who fails to appear at the time or place specified in the order.

18 Pa.C.S.A. § 5126. This Court has stated:

> [T]he plain language of the statute requires that the defendant intend to avoid apprehension, trial or punishment. … [N]othing in the statutory language requires that police have knowledge of the underlying charge or conviction. It is sufficient for the defendant to intentionally elude law enforcement to avoid apprehension,

- 7 -

trial or punishment on a charge or conviction.

***Commonwealth v. Steffy***, 36 A.3d 1109, 1111-12 (Pa.Super. 2012).

Instantly, the trial court addressed Appellant's sufficiency challenge as follows:

> Here, [defense] counsel argued to the jury…that Appellant was unaware that a bench warrant was issued in the morning of November 21, 2014. Appellant, therefore, could not be aware of the warrant because it was issued in the morning and he was arrested at night that same day, November 21, 2014. The Commonwealth established that [the court's] May 30, 2014 Order directing Appellant to complete the CRN evaluation within two weeks or be subject to [a] bench warrant and subsequent imprisonment for failure to do so until the CRN evaluation was complete[,] was sufficient notice to Appellant that the police were interested in apprehending Appellant. Thus[,] Appellant's flight from the police in order to avoid imprisonment was caused by Appellant's being advised of his [consequences for] failure to comply with [the court's] May 30, 2014 Order which was issued nearly six months earlier.

(Trial Court Opinion, filed December 22, 2015, at 6). The record supports the court's analysis. Appellant submitted guilty plea paperwork for two counts of DUI on or around May 16, 2014. Because Appellant had not yet completed a CRN evaluation, the court deferred disposition of the DUI cases and, on May 30, 2014, directed Appellant to complete a CRN evaluation within two weeks or face revocation of bail, issuance of a bench warrant, and incarceration until completion of the evaluation. (***See*** N.T., 8/31/15, at 54-55.) When Appellant failed to comply with the court's directive, the court held a status conference on November 17, 2014, which Appellant failed to

attend. Because Appellant had still failed to complete the CRN evaluation, the Commonwealth asked the court to issue a bench warrant for Appellant's arrest, which the court signed on November 21, 2014. This order was filed in the Clerk of Courts on December 3, 2014.

While Appellant complains the Commonwealth failed to prove Appellant knew about the November 17, 2014 status hearing and/or the court's November 21, 2014 order directing a bench warrant to be issued, the law does not require an active bench warrant or a defendant's knowledge of any such bench warrant to sustain a conviction under Section 5126. *See* 18 Pa.C.S.A. § 5126(a). Likewise, Officer Bowman's and Officer Stamet's knowledge (or lack thereof) of the basis for any such warrant is irrelevant to Appellant's guilt. *See id.*; *Steffy, supra*. Rather, the record makes clear: (1) Appellant faced DUI charges at two docket numbers; (2) Appellant completed paperwork to plead guilty to two DUI charges, on or around May 16, 2014; (3) the court ordered Appellant on May 30, 2014, to obtain a CRN evaluation within two weeks or face revocation of bail, issuance of a bench warrant, and incarceration until completion of the evaluation; (4) Appellant did not comply with the court's May 30, 2014 order; and (5) Appellant concealed himself and/or fled from Officer Bowman on November 21, 2014. This evidence was sufficient for the jury to decide Appellant concealed himself and/or fled from Officer Bowman with the intent to avoid apprehension, trial or punishment, in connection with his underlying DUI

charges. **_See Hansley, supra_**. Thus, the Commonwealth presented sufficient evidence to sustain Appellant's conviction for flight to avoid apprehension, trial or punishment. **_See id._**; 18 Pa.C.S.A. § 5126(a). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016