J-S16005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH THOMPSON | : | |
| | : | |
| Appellant | : | No. 1599 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 27, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004014-2017

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 14, 2019**

Kenneth Thompson appeals from the judgment of sentence imposed on August 27, 2018, in the Court of Common Pleas of Dauphin County, following his jury conviction of one count of flight to avoid apprehension.[1] The trial court sentenced him to 18 to 36 months' imprisonment. On appeal, Thompson challenges the sufficiency of the evidence. Based upon the following, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On May 18, 2017, Harrisburg Police Detective Nicholas Ishman was on patrol in the Hall Manor housing complex in Harrisburg, a high-crime, high-drug area, when he observed

---

[1] 18 Pa.C.S.A. § 5126(a).

Thompson walking with a group of five or six men.  N.T. Trial, 6/25/2018, at 5-6.  Ishman was aware that there were outstanding warrants for Thompson, so he radioed for backup and followed Thompson in his vehicle.  *Id.* at 7-10.

One of the officers who responded to Ishman's request for backup was Harrisburg Police Officer Anthony Fiore.  *Id.* at 30-31.  At trial, Fiore testified that he observed Thompson walking with a group of five or six men, he saw Thompson look back over his shoulder towards Ishman, and begin to walk deliberately in the opposite direction.  *Id.* at 34-35.  Thompson, Ricky Lambert, who also had outstanding warrants, and, possibly, a third, unknown man split from the group and started first jogging, then running.  *Id.* at 11-13, 40-42.  When Fiore activated his emergency lights and drove towards Thompson, he again changed direction and continued to run away.  *Id.* at 24, 37.  The police followed Thompson and Lambert and ultimately found them hiding in one of the residences in the complex.  *Id.* at 19.  The owner of the residence testified that they did not have her permission to enter.  *Id.* at 55.

A jury trial took place on June 25 and 26, 2018.  At trial, the parties stipulated that there were two outstanding warrants for Thompson, including one felony warrant, at the time of the incident.  N.T. Trial, 6/25/2018, at 6. The jury found Thompson guilty of the aforementioned offense but not guilty of criminal trespass.[2]  On August 27, 2018, the trial court sentenced

---

[2] 18 Pa.C.S.A. § 3503(a)(1)(i).

Thompson as noted above; Thompson did not file any post-sentence motions. The instant, timely appeal followed.

On September 26, 2018, the court ordered Thompson to file a concise statement of errors complained of on appeal. On October 12, 2018, Thompson filed his Rule 1925(b) statement challenging the sufficiency of the evidence. On December 4, 2018, the trial court issued an opinion stating it was unable to address Thompson's claim because he did not make a request for transcripts. Trial Court Opinion, 12/04/2018, at unnumbered page 1.[3]

In his only issue, Thompson argues that the evidence is insufficient to sustain his conviction for fleeing and eluding because the Commonwealth did not prove he was aware of the existence of the warrants. Thompson's Brief, at 8-10. Our standard of review for a claim of insufficient evidence is as follows:

> The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing

_____

[3] We note that, initially, the trial court did not forward a trial transcript to this Court, and we were unable to find a request for transcripts in the certified record. It is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this Court is able to review his claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*); *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). Given this, this Court could have found that Thompson waived all issues on appeal. *See Commonwealth v. Martz*, 926 A.2d 514, 524-525 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363 (Pa. 2008). However, since Thompson sent a copy of the notice of appeal to the court reporter, and in the interest of justice, this Court's Prothonotary made enquiry of the trial court and was ultimately able to obtain a copy of the transcript.

[a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Edwards*, 177 A.3d 963, 969-970 (Pa. Super. 2018) (quotation marks and citations omitted). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citation omitted), *appeal denied*, 32 A.3d 1275 (Pa. 2011).

The Commonwealth charged Thompson with violating 18 Pa.C.S.A. § 5126. Section 5126 states, in relevant part:

**(a) Offense defined.**--A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent **to avoid apprehension**, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126(a) (emphasis added). Our Court has stated that in order to prove the intent element of the statute, "[i]t is sufficient for the defendant to intentionally elude law enforcement to avoid apprehension[.]" *Commonwealth v. Steffy*, 36 A.3d 1109, 1112 (Pa. Super. 2012).

Here, Thompson complains that the Commonwealth failed to prove that he was aware that there were active warrants for his arrest. Thompson's Brief, at 7. However, Thompson fails to provide any legal support for grafting such a requirement onto the statute. *Id.* at 8-10.

In this matter, the parties agreed that, at the time of the incident, there were two outstanding warrants for Thompson's arrest. Viewing the evidence in the light most favorable to the Commonwealth, the testimony at trial demonstrated that Thompson was walking with a group of five to six men when he spotted the police. Thompson, along with another man who had outstanding warrants, immediately split from the group, changed direction, and walked away from the police. When Thompson realized the police were coming from multiple directions, he picked up the pace and fled, changing directions multiple times. He ultimately ran into a residence that he did not have permission to be in and hid from the police. This evidence demonstrated that Thompson was intentionally attempting to elude the police to avoid apprehension, thus, it was sufficient to sustain Thompson's conviction for fleeing and eluding. **See Steffy**, **supra** at 1112; **Hansley**, **supra** at 416.

Thompson also argues, "a person may run from the police for any number of reasons. . . . it is just as likely that [he] ran because he was following his companion. . . ." Thompson's Brief, at 10. However, it was well within the province of the jury as finder-of-fact to reject Thompson's theory

and conclude that he ran to avoid apprehension on the outstanding warrants. *Edwards*, *supra* at 970. Thompson's claim fails.

For all the foregoing reasons, we affirm Thompson's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/14/2019