J-S11026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY M. SCHUSTER, II | : | |
| | : | |
| | : | No. 1088 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 12, 2020,
in the Court of Common Pleas of McKean County,
Criminal Division at No(s): CP-42-CR-0000400-2019.

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JUNE 25, 2021**

Timothy M. Schuster, II, appeals from the judgment of sentence imposed after a jury convicted him of flight to avoid apprehension, trial, or punishment.[1]  We affirm.

The trial court summarized the facts as the following:

> [Schuster] was previously convicted of resisting arrest, a misdemeanor 2 offense [at 235 CR 2018]. He was sentenced to undergo a period of incarceration for a period of not less than [eight] months to no more than twenty-three and a half months with twenty-four months of concurrent probation.  He was released from incarceration on February 28, 2019. Following his release, he was subject to a period of county supervision.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5126.

On July 29, 2019, a bench warrant was issued for [Schuster's] arrest at case number 235 CR 2018 for absconding from probation. The Commonwealth and [Schuster] agreed to a stipulation that [Schuster] was aware that he was on supervision at case number 235 CR 2018. Commonwealth's Exhibit 1. He was also aware on August 6, 2019, when officers Christopher Lucco and Richard Obermeyer attempted to apprehend him, that there was a pending bench warrant for his arrest, a warrant that was issued due to absconding from his supervision. [Schuster] indicated to McKean County Probation Officer, Alexandria Johnson, that he was aware of the warrant for his arrest because he saw a post on the McKean County Sheriff Department's page indicating that there was a warrant for his arrest. This post is set up to advise law enforcement and the public of individuals that are wanted by law enforcement; and, to obtain information about their whereabouts. [Schuster] told Officer Johnson that he had been avoiding her for the past month and half, that he was using "some substances." He told her that he was going to contact her and report to adult probation once he "got clean." He then viewed the warrant on Facebook.

On August 6, 2019, officers Lucco and Obermeyer responded to a call reporting that [Schuster] was observed walking down Congress [S]treet in the City of Bradford. The officers spotted a male who they believed may be [Schuster] walking towards their marked patrol car on Jefferson Street. As the officers drove towards [Schuster], he attempted to shield his face with his hood, and looked down and away from the officers. As the officers got closer, Officer Lucco identified the male as [Schuster] and opened the door of the patrol car, at which point [Schuster] turned the other direction and began to run. Officer Lucco pursued [Schuster] on foot and advised him to "stop or he was under arrest." [Schuster] eventually ran into an area of thick vegetation. The officers had to climb through the thick vegetation and search for [Schuster]. They found him laying down and trying to conceal himself.

Trial Court Opinion, 12/14/20, at 1-3 (citations, footnotes and unnecessary capitalizations omitted).

On September 1, 2020, a jury convicted Schuster of flight to avoid apprehension. On October 12, 2020, the trial court sentenced Schuster to

eight (8) months to twenty-four (24) months. Schuster filed a timely notice of appeal, challenging (1) the sufficiency of the evidence for the flight to avoid apprehension, trial, or punishment conviction and (2) the judge's refusal to give Schuster's requested jury instruction. Both Schuster and the trial court complied with Pa.R.A.P. 1925.

Our standard and scope of review for a sufficiency challenge is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

Flight to avoid apprehension, trial, or punishment occurs when:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid

apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126.

Schuster asserts that the evidence to convict him under § 5126 was insufficient because "the evidence only supports a finding that [Schuster] was fleeing to avoid potential probation violations." Schuster's Brief at 5. Schuster argues that he was not charged with a new crime or awaiting sentencing when he fled and therefore the evidence was insufficient. *Id.* Schuster relies on *In Interest of P.S.*, 158 A.3d 643 (Pa. Super. 2017) for his argument. However, as the trial court opinion explains, *P.S.* is distinguishable. Trial Court Opinion, 12/10/19, at 4.

In *P.S.*, the defendant did not know he was facing a revocation of his juvenile delinquency disposition at the time he was involved in a high speed chase with the police. After the defendant stole a jeep with his friends and rode around, police began to follow the jeep but then the defendant "took off" and crashed the vehicle. *P.S.*, 158 A.3d at 646. In that case, this Court vacated P.S's conviction of flight to avoid apprehension because there was no showing that P.S knew there was a pending revocation of his disposition when he fled and crashed the Jeep; "[t]he plain language of the statute says nothing about fleeing to avoid apprehension for potential probation violations." *Id.* at 652. P.S's flight was solely because he stole and crashed the Jeep.

Here, it was stipulated that Schuster was convicted of a prior resisting arrest charge, 235 CR 2018, that there was a warrant out for his arrest for violation of probation / supervision from 235 CR 2018, and that Schuster knew the terms of his supervision. N.T at 12. Additionally, Officer Johnson testified that Schuster told her that he knew there was a warrant out for his arrest. N.T at 29. As noted by the trial court, in **Commonwealth v. Steffy**, 36 A.3d 1109 (Pa. Super. 2012), this Court found, "the offense of flight to avoid apprehension was proper when the defendant fled from police after being told there was an outstanding warrant for his arrest for a violation of probation." Trial Court Opinion, 12/10/19, at 3 (unnecessary capitalizations omitted). Thus, when a defendant has knowledge of a pending probation violation, if the defendant absconds from supervision it may serve as a basis for a charge of flight to avoid apprehension. **Id**. at 6.

Similarly, in **Commonwealth v. Baker**, 2019 WL 7173300, this Court upheld a conviction of flight from police when the defendant knew of a bench warrant for an alleged probation violation.[2] As such, we agree with the trial court that there was sufficient evidence to convict Schuster for this crime. Schuster's first issue is without merit.

In his second appellate issue, Schuster challenges the trial court's denial of his suggested jury instruction. When considering the denial of a jury

---

[2] We note that Schuster correctly states this is not binding, but we find **Baker** persuasive and may rely on it as persuasive authority. **See** Pa. R.A.P. 126(b)(2); Schuster's Brief at 20.

instruction, our standard of review is one of deference: "[A]n appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." **Commonwealth v. Leaner**, 202 A.3d 749, 782–783 (Pa. Super. 2019) (citation omitted)). When a trial court refuses to deliver a specific jury instruction "it is the function of [this] Court to determine whether the record supports the trial court's decision." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1257 (Pa. Super. 2014) (*en banc*) (citation omitted). "The relevant inquiry for this Court . . . is whether such charge was warranted by the evidence in the case." **Commonwealth v. Baker**, 963 A.2d 495, 506 (Pa. Super. 2008). "[I]t has long been the rule in this Commonwealth that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial." **Commonwealth v. McCloskey**, 656 A.2d 1369, 1374 (Pa. Super. 1995) (citation omitted). "The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal." **Commonwealth v. Sandusky**, 77 A.3d 663, 667 (Pa. Super. 2013).

If a defendant requests a jury instruction on a defense to a crime, "the trial court may not refuse to instruct the jury regarding the defense if it is supported by evidence in the record." Commonwealth's Brief at 23 (**quoting Commonwealth v. DeMarco**, 809 A.2d 256, 261 (Pa. Super. 2002)). The charge as a whole must be considered when reviewing a challenge to a jury

instruction. ***Commonwealth v. Brown***, 786 A.2d 961, 966 (Pa. Super. 2001)

Here, Schuster proposed the following instruction:

> Flight to avoid apprehension, trial or punishment requires the Commonwealth to prove beyond a reasonable doubt that [Schuster] fled or concealed himself from law enforcement to avoid standing trial after he has already been charged with a crime, or to avoid sentencing after conviction. ***A person does not commit the crime of flight to avoid apprehension trial or punishment if he is fleeing to avoid apprehension for potential probation violations***. ***In Interest of P.S.***, 158 A.3d 643, 652 (Pa. Super. 2017).

Defendant's request for instructions, September 1, 2020 (emphasis added).

As mentioned above, a pending revocation proceeding for absconding from supervision may serve as a basis for the charge of flight to avoid apprehension if the defendant is aware of a pending proceeding or a bench warrant. ***Steffy***, ***supra***. Schuster's proposed instruction only applies in situations where a defendant has no knowledge of an outstanding violation or warrant.

Therefore, the trial court was correct in denying Schuster's proposed instruction because the instruction did not apply under the facts of the case. The court instead instructed the following:

> [Schuster] has been charged with flight to avoid apprehension. To find [Schuster] guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt: First, that [Schuster] willfully concealed or moved or traveled within or outside the Commonwealth. Second, that [Schuster] did so with the intent to avoid apprehension, trial, or punishment. And third, that the crime which [Schuster] was charged or convicted of was either a felony or a misdemeanor.

Trial Court Opinion, 12/10/19, at 5 (citations and unnecessary capitalizations omitted). Although the given instruction did not mention a probation violation, this information was not necessary for the jury to reach a verdict on the charges Schuster faced. Additionally, because Schuster's proposed instruction was not supported by the record, we find the trial court did not abuse its discretion, commit an error of law, or prejudice Schuster when it denied Schuster's request. **DeMarco**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/25/2021