**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN M. KRAMER | : | |
| | : | |
| Appellant | : | No. 1539 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 17, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000574-2022

BEFORE: BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED NOVEMBER 3, 2023**

While finding that Detective Dissinger's testimony about the police report was impermissible hearsay, the majority also finds that the improper introduction of that testimony does not necessitate a new trial because its admission was harmless error. It arrives at this conclusion by essentially finding that (1) there was otherwise sufficient evidence to support the flight to avoid apprehension conviction, and (2) the testimony about the police report was superfluous because it was not necessary to establish that charge.

I disagree with the majority because it focuses on whether there was sufficient evidence to otherwise convict Kramer of flight to avoid apprehension, not on whether the impermissible hearsay created a reasonable doubt that the

_____

[*] Retired Senior Judge assigned to the Superior Court.

admission of the impermissible hearsay contributed to the conviction. In the majority's view, that Kramer's direct knowledge that he had an outstanding arrest warrant need not be proven because it was not an element of crime of flight to avoid prosecution, thus making the hearsay testimony that he knew of the arrest warrant harmless error, no matter how prejudicial.

Because I would hold that the introduction of the hearsay evidence was not harmless error because there is reasonable doubt that its admission contributed to the conviction, I respectfully dissent.

## I.

What is harmless error is the source of much consternation, especially when it is raised *sua sponte*. **Commonwealth v. Hamlett**, 234 A.3d 486, 492 (Pa. 2020). Normally, because it presumably sought to have the evidence admitted because it "harmed" the defendant, the Commonwealth bears the burden of proving that the error in its admission was harmless beyond a reasonable doubt. **Commonwealth v. Holt**, 273 A.3d 514, 540 (Pa. 2022) (quoting **Commonwealth v. Story**, 383 A.2d 155, 162 n.9 (Pa. 1978)). Further, "an error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict." **Id.** To meet its burden, the Commonwealth must come forward with reasons that the error was harmless by considering whether:

> (1) the error did not prejudice the defendant or the prejudice was de minimis; or

- 2 -

(2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or

(3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

**Commonwealth v. Fulton**, 179 A.3d 475, 492-494 (2018). After considering the Commonwealth's proffered reasons, "[w]henever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless." **Holt**, 273 A.3d at 540 (citation omitted).

However, even when the Commonwealth does not raise the issue, rather than finding waiver as we usually would, we can raise the issue *sua sponte*. **See Hamlett**, 234 at 492. The Commonwealth is relieved of its burden of proof in the name of judicial efficiency,[1] and we can undertake our own review to see if the error is harmless. Unlike in other situations where we review an issue *sua sponte* in the criminal context to protect defendants, *e.g.*, an illegal sentence, when we initiate a harmless error review, the defendant has not had the opportunity to respond to the reviewing court's harmless error reasoning, thus implicating due process concerns.

---

[1] "It is widely recognized that the appellate courts may proceed of their own accord in this fashion for institutional reasons, in particular, based on the systemic interest in avoiding costly and unnecessary proceedings before the judiciary." **Hamlett**, 234 A.3d at 492.

Because of those concerns, as well as protecting the reviewing court's integrity in that it is protecting the defendant's right to a fair trial and not its own institutional interests, the standard for finding harmless error is very narrow — only if the appellate court is convinced beyond a reasonable doubt that the error is harmless and that the error could not have contributed to the verdict. That standard requires that harmless error not be applied casually and loosely to uphold the conviction, but be applied strictly and rigorously to determine whether the error caused reasonable doubt that the improper admission of the evidence contributed to the conviction. Applying the standards to this case, I would hold that the admission of the evidence was not harmless error under any of the three standards.

## II.

The majority does not address individually each of the considerations by which we are instructed to determine whether the inadmissible hearsay's admission that Kramer inquired with the police about an outstanding warrant created a reasonable doubt that it may have contributed to the conviction. Instead, it seems to conclude the untainted evidence was merely cumulative of other evidence, and that the evidence was so overwhelming that the error was so insignificant that it could not have contributed to the outcome or prejudiced Kramer. In arriving at this conclusion, the majority cites to our non-precedential decision in **Commonwealth v. Bronson**, 296 A.3d 579, 2023 WL 2360866 (Pa. Super. 2023) (non-precedential decision).

- 4 -

*Bronson* held that 18 Pa.C.S. § 5126(a) does not require direct proof that a defendant know that he had an outstanding arrest warrant when he fled from police, only that the defendant fled from the police and that it was up to the factfinder to determine whether he was fleeing from the police "willfully" to avoid apprehension. *Id.* at * 5. Even if *Bronson* is persuasive,[2] to make out the offense under *Bronson*, the Commonwealth still must adduce circumstantial evidence leading the factfinder to the conclusion that the defendant "willfully conceal[ed] himself or move[d] or travel[ed] within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment" of "which he has been charged with or has been convicted of ..." 18 Pa.C.S. § 5126(a).

_____

[2] Under *Bronson*, the Commonwealth need only prove that a defendant intentionally avoided law enforcement and that the defendant had an outstanding warrant; whether the defendant did so in order to avoid apprehension on an underlying charge or conviction is irrelevant. In my view, that position is simply not in accord with the plain language of Section 5126 which requires a showing of intent to avoid a specific adverse event occurring – arrest, trial or punishment. Without that showing of intent to avoid those specific adverse events, a crime has not made out.

While this Court has held that the plain language of 18 Pa.C.S. § 5126(a) does not require proof that a defendant knew the grade of the offense for which he is attempting to avoid apprehension, the Commonwealth must still show that the defendant "intentionally elude[d] law enforcement to avoid apprehension, trial or punishment **on a charge or conviction***."* *Commonwealth v. Steffy*, 36 A.3d 1109, 1112 (Pa. Super. 2012) (emphasis added). That being the case, to the extent *Bronson* held that the element of a § 5126(a) charge can be established by merely proving that the defendant intentionally eluded or fled from the police, it is not persuasive.

The majority then essentially conducts a sufficiency of the evidence analysis under **Bronson** to conclude that the hearsay was harmless because it was merely cumulative of other evidence demonstrating that there was circumstantial evidence that was so overwhelming that the hearsay of his direct knowledge of an outstanding warrant was not prejudicial. It cites to these facts to establish that the evidence was overwhelming and non-prejudicial:

> Specifically, that evidence established that Appellant: (1) told Mr. Siegel that the police were looking for him; (2) only moved his vehicle when the police were not parked outside his house; (3) drove away from the parked police vehicles instead of continuing on his apparent route home; (4) sped away when Detective Dissinger attempted to stop him; (5) told Mr. Siegel that they were engaging in a game of "cat and mouse[;]" and (6) drove through the grass into a crowded parking lot before being blocked by police vehicles and arrested at gunpoint. **See** N.T. Trial 8/23/22, at 115.

Majority Opinion at 8.

While that circumstantial evidence may be sufficient under **Bronson** to lead a jury to conclude that Kramer knew there was an outstanding warrant, the admission of hearsay evidence was not cumulative to that evidence and was so prejudicial that no reasonable person could conclude that its admission did not contribute to the conviction. Now to examine each factor.

### III.

### A.

Under the first consideration, it is unreasonable to conclude that the inadmissible hearsay's admission did not prejudice Kramer or that it was *de*

*minimis*. To make out the offense, the Commonwealth needed to prove that Kramer intended to avoid apprehension, trial or punishment; that is, that he knew or that knowledge could be inferred by circumstantial evidence that he knew there was a warrant for his arrest.

Simply, testimony that he called the police department to inquire about such a warrant was highly prejudicial because it was the only direct evidence that Kramer knew there was an outstanding warrant—in other words, the inadmissible hearsay established the *sine qua non* of the offense. The jury now had evidence that he knew, in fact, of the outstanding warrant, which obviated the need for it to decide whether he willfully eluded the police because of an outstanding warrant based on circumstantial evidence. That creates a reasonable doubt as to whether the inadmissible hearsay contributed to the verdict.

**B.**

An examination of the second consideration shows that the inadmissible hearsay was not merely cumulative of other untainted evidence that was substantially similar to the erroneously admitted evidence. Based on my review, there was no other substantially similar evidence to Detective Dissinger's testimony about the police report, that is, Kramer contacting the authorities to find out whether he had a warrant for his arrest.

The majority relies on Siegel's testimony in finding that the evidence was cumulative. However, Siegel only testified that he told Kramer the police

"were looking for him," not that he told him there was an outstanding warrant for his arrest. *See* N.T., 8/23/22, at 116. Looking for him and that there was an outstanding warrant for him are not the same.

The police could be looking for him for a number of reasons—he was sought to be questioned as a witness to another crime and, not unheard of, he just did not want to be questioned. Beyond that, Siegel offered no further details about when Kramer told him or for what purpose the police wanted Kramer. As to Kramer avoiding the police, there is no law requiring that a person make himself available for questioning by the police or not to take steps to avoid questioning by the police. Moreover, on the day of his arrest, there is no doubt that he was eluding the police given that methamphetamine and marijuana were recovered from his truck, but there was no direct evidence that he was fleeing because of the outstanding arrest warrant.

While all this evidence was probative in the jury inferring that Kramer intended to avoid the police, none of this evidence is cumulative or the same type as Detective Dissinger's testimony that Kramer called the police station to inquire about whether there was an outstanding warrant.

**C.**

Finally, under the third standard, the admission was not harmless because it cannot be concluded that the properly admitted and uncontradicted evidence of guilt was so overwhelming, and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed

to the verdict. To reiterate, the hearsay evidence is the only evidence that Kramer knew that there was an outstanding arrest warrant so it is unreasonable to assert that it did not contribute to the verdict, especially when the jury heard that the "police records" said so.

**D.**

Though it is not clear and I am unsure how it applies to the harmless error analysis, the majority seems to find that it is harmless because the Commonwealth is not required to prove that a defendant knew that an arrest warrant had been issued. In doing so, the majority cites to ***Bronson*** that proof that a defendant knows that he had an outstanding arrest warrant is not required, only that the defendant fled from the police and that it was up to the factfinder to determine whether he was fleeing from the police "willfully" to avoid apprehension. ***Id.*** at * 5. The majority further holds that Detective Dissinger's testimony about the police report was essentially unnecessary to determine whether Kramer fled to avoid apprehension because "it is beyond the purview of this Court to impose an element of a crime that is not contemplated by the statute criminalizing the conduct" and that defendant's "specific awareness of the arrest warrant was not a material element of the crime of flight to avoid apprehension." Majority Opinion at 11.

Assuming ***Bronson*** is persuasive, it does not mean, as the majority suggests, that evidence that the defendant knew about an outstanding arrest warrant would not be germane to making out the flight to avoid the

apprehension charge because it was not an element of a crime. The majority is confusing an element of the crime with proof of the crime.

What is germane is that the Commonwealth proffered, over Kramer's objection, inadmissible testimony about the police report concerning his inquiry to the police about whether there was a warrant for his arrest. That is central to conviction; it proves the element of the crime that he knew of the outstanding warrant. Once it is established that a defendant is aware of a warrant and that he or she fled from the police, then the crime is made out without resort to the "circumstances and inferences" that **Bronson** suggests that can serve as the basis for making out the offense. Assuming direct proof may not be needed to establish that Kramer knew of the conviction, it does not follow that the improperly admitted evidence that he was aware of the arrest warrant was superfluous that somehow makes it harmless error.

Because I cannot conclude beyond a reasonable doubt that the inadmissible hearsay about the police report did not contribute to the jury convicting Kramer of flight to avoid apprehension, I would find that Kramer is entitled to a new trial on that charge.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/03/2023</u>