J-A24022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CHARLES REED, JR. | : | |
| | : | |
| Appellant | : | No. 269 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 10, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001179-2023


BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: NOVEMBER 19, 2025**

Appellant, John Charles Reed, Jr., appeals from the October 10, 2024 judgment of sentence entered in the Lycoming County Court of Common Pleas following his convictions of Flight to Avoid Apprehension and Evading Arrest or Detention.[1]  Appellant challenges the sufficiency of the evidence, claiming that the Commonwealth failed to establish the requisite *mens rea* for Flight to Avoid Apprehension.  After careful consideration, we affirm.

The relevant facts and procedural history are as follows.  On August 21, 2023, South Williamsport Borough Police Officer Gareck Esposito went to Appellant's ex-girlfriend's house seeking Appellant, pursuant to an arrest warrant issued on August 17, 2023.  The trial court summarized Officer Esposito's testimony:

---

[1] 18 Pa.C.S. §§ 5126(a), 5104.2(a), respectively.

> While [Officer Esposito] was standing outside of the house speaking with the ex-girlfriend, he and [Appellant] saw each other, at which point [Appellant] immediately began to run away. Although it was dark, Officer Esposito was in uniform and driving a marked patrol unit; both the uniform and the vehicle had reflective markings. Officer Esposito and [Appellant] knew each other, having had a number of contacts in the past. As [Appellant] ran away, Officer Esposito yelled for him to stop and identified himself as a police officer.

Trial Ct. Op., 2/18/25, at 5 (citing N.T., 5/28/24, 26-30, 48-51, 75-77, 148).[2]

While pursuing Appellant, Officer Esposito radioed for backup. Agent Christopher Salisbury of the Williamsport Bureau of Police responded, "position[ing] himself where he believed [Appellant] might appear." *Id.* at 5-6 (citing N.T. at 122-37). When Appellant saw Agent Salisbury, he "turned and again began to leave; however, [Appellant] ultimately stopped and got on the ground when commanded to do so." *Id.* at 6. Following his arrest, Appellant "made a number of statements" to the officers, including stating that "he was going to visit his grandson and then 'turn himself in.'" *Id.* (citing N.T. at 33, 144).

On May 28, 2024, the court presided over a one-day jury trial on the above charges. At trial, Officer Esposito and Agent Salisbury testified to the events above, and Officer Esposito stated that, "in his experience, people do not typically run from the police unless they are aware that they have a warrant or that the police are looking for them for some reason." Trial Ct. Op. at 5 n.23 (citing N.T. at 66-67). Subsequently, the jury convicted Appellant

---

[2] In its Pa.R.A.P. 1925(a) opinion, the court relied upon its February 18, 2025 opinion denying Appellant's post-sentence motions. Accordingly, we reference the February 18, 2025 opinion as the "Trial Court Opinion."

of the above-listed charges, specifically finding that the underlying crime was a felony.

On October 10, 2024, the court sentenced Appellant to concurrent terms of incarceration in county prison of 9 to 24 months, less 1 day, for Flight to Avoid Apprehension, graded as a Third-Degree Felony, and 2 to 6 months for Evading Arrest or Detention, graded as a Second-Degree Misdemeanor, with credit given for time served.

Appellant filed timely post-sentence motions, challenging, *inter alia*, the sufficiency of the evidence for his conviction of Flight to Avoid Apprehension, claiming that the Commonwealth failed to demonstrate that he "had knowledge of the underlying felony charge and therefore could not have intended to avoid apprehension, trial or punishment thereunder." Post-Sentence Mot., 10/21/24, at ¶ 11. On February 18, 2025, the court denied the motion.

On February 27, 2025, Appellant filed a notice of appeal. The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Whether 18 Pa.C.S. § 5126 requires a *mens rea* as it relates to knowledge of an underlying charge or warrant, and whether the evidence was insufficient to sustain a conviction for Flight to Avoid Apprehension where the Commonwealth failed to prove that Appellant knew of the existence of a felony arrest warrant.

Appellant's Br. at 5. This issue presents two related questions: (1) whether the statutory language requires the Commonwealth to prove that Appellant

knew of the existence of the underlying charge or warrant, and (2) whether the Commonwealth satisfied the requisite proof in the instant case.

Appellant first raises a question of statutory interpretation, "for which our standard of review is *de novo.*" **Commonwealth v. Steffy**, 36 A.3d 1109, 1111 (Pa. Super. 2012). When engaging in statutory interpretation, we seek to "ascertain and effectuate the intention of the General Assembly" which "is best expressed through the plain language of the statute." 1 Pa.C.S. § 1921(a); **Commonwealth v. Smith**, 234 A.3d 576, 581 (Pa. 2020) (citation omitted).

The General Assembly defined the crime of Flight to Avoid Apprehension, Trial or Punishment as follows:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial[,] or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S. § 5126(a). As relevant to the instant case, the Commonwealth must prove that Appellant "willfully" moved "with the intent to avoid apprehension, trial[,] or punishment[.]" **Id.**

Appellant contends that the crime of Flight to Avoid Apprehension, should be construed as requiring proof "that the defendant knew or should have known that an arrest warrant had issued" or that pending charges existed. Appellant's Br. at 11, 23. In support, Appellant relies upon **Steffy**, **supra**, in which this Court affirmed the Section 5126 conviction of a defendant

- 4 -

whose knowledge of outstanding charges and warrants "gave rise to [the defendant's] intent to avoid apprehension." Appellant's Br. at 17-18. From these facts, Appellant contends that the "Commonwealth cannot prove intent without proving awareness of one's legal status." *Id.* at 19.

We disagree with Appellant's reading of **Steffy**. In **Steffy**, this Court concluded that the plain language of Section 5126 required the Commonwealth to prove that the defendant intended to "elude law enforcement to avoid apprehension, trial[,] or punishment on a charge or conviction[.]"[3] **Steffy**, 36 A.3d at 1111-12. In other words, as this Court recently explained, the Commonwealth must prove that "a defendant was aware of pending charges while fleeing[, which] of course may be shown circumstantially." **Commonwealth v. Reed, C.**, ___ A.3d ___, 2025 WL 3032967 at *6 (Pa. Super. filed Oct. 30, 2025). Neither the statute nor this Court's analysis, however, limits the Commonwealth's proof of that intent solely to demonstrating the defendant's knowledge of outstanding warrants. Accordingly, we reject Appellant's statutory claim.[4]

_____

[3] In so doing, the Court rejected the argument that the Commonwealth must also demonstrate that the defendant knew of the "precise grading" of the crime prompting the defendant's flight. **Steffy**, 36 A.3d at 1111-12.

[4] Appellant also relies on the dissenting opinions in **Smith**, *supra*. Appellant's Br. at 21-23. We reject Appellant's argument as the dissenting opinions are not precedential and are inapposite to Appellant's argument. In **Smith**, the Supreme Court concluded that the fact of being subject to a warrant rendered a defendant a "fugitive from justice" such that the defendant could not possess a firearm pursuant to 18 Pa.C.S. § 6105(c)(1). **Smith**, 234 A.3d at 579. The
*(Footnote Continued Next Page)*

Turning to Appellant's sufficiency challenge, we reiterate that "[a] claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). Accordingly, "our standard of review is *de novo*[,] and our scope of review is plenary." ***Smith***, 234 A.3d at 581 (citation omitted). "When performing a sufficiency review, we consider whether the evidence introduced at trial and all reasonable inferences derived therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish the elements of the offense beyond a reasonable doubt." ***Id.*** "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Appellant argues that "[w]ithout proof that Appellant knew he was subject to arrest, the Commonwealth could not meet its burden to prove that he fled with the intent to avoid apprehension, trial, or punishment."

_____

dissenting justices objected to the potential imposition of strict liability for Persons Not to Possess based solely on the existence of a warrant, without proof that the defendant knew of the warrant. ***Id.*** at 587 (Baer, J., dissenting) and at 602 (Wecht, J., dissenting). Unlike the statute in ***Smith***, Section 5126 does not present a strict liability offense as it plainly supplies the requisite *mens rea* by requiring proof that the defendant intended to avoid apprehension, trial, or punishment. ***See*** 18 Pa.C.S. § 5126(a).

Appellant's Br. at 11. We conclude that Appellant's argument warrants no relief as the Commonwealth met its burden of proof through circumstantial evidence. As the trial court observed, the Commonwealth presented evidence "that [Appellant] ran from the police when contacted; that individuals typically do not run from the police unless they have a warrant or are otherwise a target of investigation; and that [Appellant] stated he was going to turn himself in after visiting his grandson." Trial Ct. Op. at 6. We agree that the jury could rely on this evidence, and particularly his admission that he planned to "turn himself in," as proof that Appellant intended to avoid apprehension on charges when he ran from the officer, regardless of whether he knew specifically of the existence of the arrest warrant that the court issued a few days earlier.

Accordingly, we affirm the judgment of sentence, concluding that the Commonwealth presented sufficient evidence to support Appellant's conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2025

- 7 -