J-S40027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
CHARLES FRANKLIN HYMER          :
                                :
          Appellant             :    No. 3030 EDA 2022

Appeal from the Judgment of Sentence Entered November 10, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001324-2022

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED MARCH 12, 2024**

Charles Franklin Hymer ("Hymer") appeals from the judgment of

sentence imposed following his convictions for, *inter alia*, fleeing or attempting

to elude a police officer and flight to avoid apprehension.[1]  We affirm.

The trial court set forth the following factual and procedural history:

> [Hymer] was arrested [in] January [] 2022, after a high[-
> ]speed chase with Pennsylvania State Police [("PSP")] that began
> with [Hymer] driving along a snow-covered walking path in a
> residential neighborhood and ended with [Hymer] crashing his car
> into the side of a bridge in Chester County, Pennsylvania.  The
> pursuit began after a homeowner called police to report a
> suspicious vehicle and unknown people walking alongside her
> home.  When police arrived and attempted to approach [Hymer's]
> vehicle, he first ducked below the steering wheel in an attempt to
> hide himself.  Then, he placed the car in drive and proceeded to
> drive down a neighborhood walking path alongside and behind the
> residence.  Accelerating, [Hymer] eventually drove the vehicle

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. § 3733(a); 18 Pa.C.S.A. § 5126(a).

between some trees, through a retention pond, and entered a nearby snow-covered roadway. There he continued to drive erratically, and at speeds exceeding the posted limits. The pursuit eventually ended when [Hymer] crashed his vehicle into the side of [the] bridge. Only then was he forced to stop. Surrounded by officer vehicles, [Hymer] again attempted to escape, driving his vehicle both forward and in reverse, ramming the police car[,] but was not successful in escaping further.

Police apprehended [Hymer, who then admitted he had fled because he knew there was a warrant for his arrest,] and charged [him] with[, *inter alia*, f]leeing and [e]luding a [p]olice [o]fficer, . . . [f]light to [a]void [a]pprehension, . . . and various [other offenses and] traffic violations.

A jury trial commenced [i]n September [] 2022[,] at which [Hymer] was represented by counsel. On September 15, 2022, the jury found [Hymer] guilty of fleeing and eluding police, flight to avoid apprehension, [and other offenses not at issue in this appeal]. [Hymer] was found not guilty of loitering. The [trial] court found [Hymer] guilty of the summary traffic offenses . . ..

[Hymer received an aggregate sentence of, *inter alia*, eighteen months to three years of imprisonment with two years of consecutive probation.]

\* \* \* \*

[On] November 29, 2022[, Hymer] appealed from the judgment of sentence entered November 10, 2022. [Hymer initially failed to file a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.]

[In] April [] 2023, [Hymer's] counsel filed an "Application for Leave to Order Outstanding Transcript and File Concise Statement; Application for Extension to File Brief" with th[e Superior] Court[, which] remanded the certified record to the trial court for a period of sixty (60) days and permitted [Hymer] to file and serve a supplemental Rule 1925(b) statement . . . . [Hymer] filed his [c]oncise [s]tatement . . . on May 15, 2023.

Trial Court Opinion, 6/6/23, at 1-3 (paragraphs re-ordered for clarity). The

trial court likewise complied with Pa.R.A.P. 1925.

Hymer raises the following issues for our review:

I.    Was the evidence at trial sufficient to support the jury's finding that [Hymer] committed the offense of [f]leeing or [a]ttempting to [e]lude a [p]olice [o]fficer, . . . and in doing so endangered a law enforcement officer or a member of the public by engaging in a high-speed chase, a felony of the third degree?

II.   Was the evidence at trial sufficient to support the jury's finding that [Hymer] committed the offense of [f]light to [a]void [a]pprehension . . ., when the Commonwealth did not present evidence of a valid, outstanding warrant for [Hymer's] arrest or evidence that [he] was in violation of his probation or parole?

Hymer's Brief at 4.

Our standard of review for sufficiency of the evidence challenges is as follows:

> [W]e evaluate the record in the light most favorable to the verdict[-]winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of

a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722–23 (Pa. Super. 2013) (internal citations and quotations omitted).  Additionally, the fact-finder is free to believe all, part, or none of the evidence.  ***See Commonwealth v. Greenlee***, 212 A.3d 1038, 1042 (Pa. Super. 2019).

In his first issue, Hymer purports to raise a challenge to the sufficiency of the evidence underlying his conviction for fleeing or eluding.  However, a review of Hymer's argument reveals that his challenge is in fact to the verdict sheet.  ***See*** Hymer's Brief at 10 (asserting that "[t]he jury did not make any specific factual findings regarding endangering or a high-speed chase that are necessary for the conviction to be regarded as a felony of the third degree," and citing to the verdict slip).

Our standard of review of challenges to verdict sheets is abuse of discretion.  ***See Commonwealth v. Murray***, 248 A.3d 557, 577 (Pa. Super. 2021).  Additionally, as a preliminary matter, we recognize that, generally, the "failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." ***Commonwealth v. Houck***, 102 A.3d 443, 451 (Pa. Super. 2014). Specifically, failure to object to language on the verdict sheet results in waiver of any challenge to the verdict sheet on appeal.  ***See Commonwealth v. duPont***, 730 A.2d 970, 984-85 (Pa. Super. 1999).

- 4 -

Here, Hymer failed to object to the verdict sheet, and, therefore, he has waived his issue. **See** N.T., 9/15/22, at 40-41, 45, 89-90 (discussion between the trial court and attorneys about the verdict sheets with no objection by Hymer). **See also Houck**, 102 A.3d at 451; **duPont**, 730 A.2d at 984-85; **Commonwealth v. Spone**, 305 A.3d 602, 613 (Pa. Super. 2023) (stating, "We are an error correcting court and issues not raised in the lower court are waived and cannot be raised for the first time on appeal") (applying Pa.R.A.P. 302(a)).

Even had Hymer preserved this issue, he would be due no relief. Hymer directs this Court to no law requiring that the elements of the offense be delineated on the verdict sheet. **See** Hymer's Brief at 10. Additionally, the trial court instructed the jury that it must find the Commonwealth proved each and every element of every offense beyond a reasonable doubt to convict Hymer; and it instructed the jury about the requirement that it find Hymer endangered a law enforcement officer by engaging in a high-speed chase, consistent with 75 Pa.C.S.A. § 3733(a.2)(2)(iii). **See** N.T., 9/15/22, at 69-70, 79-80. The verdict sheet reflects this instruction. **See** Verdict Slip, 9/14/22. It is well-settled that the jury is presumed to follow the trial court's

instructions. *See Commonwealth v. Cash*, 137 A.3d 1262, 1280 (Pa. 2016).

Accordingly, Hymer's issue warrants no relief.[2]

In his second issue, Hymer argues the evidence was insufficient to sustain his conviction for flight to avoid apprehension. The Crimes Code provides:

> A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a . . . misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126(a). Knowledge of an underlying conviction, as well as whether a defendant is in violation of probation conditions, for probation stemming from that conviction, is imputed to the defendant. *See Commonwealth v. Steffy*, 36 A.3d 1109, 1112 (Pa. Super. 2012).

Hymer's argument, while sparse, appears to be that the Commonwealth failed to put on evidence of a warrant. *See* Hymer's Brief at 12. Hymer acknowledges, however, that this Court, in *Steffy*, held that a conviction for the offense of flight to avoid apprehension is proper when the defendant flees

---

[2] We further note the trial court cogently explained how the facts establish each and every element of the offense, and we adopt its reasoning. *See* Trial Court Opinion, 6/6/23, at 4-7.

from police after being told there was an outstanding warrant for his arrest for a violation of probation. *See id*.[3]

The trial court considered this issue and concluded it merited no relief:

Here, the record evidence was sufficient to support a finding that [Hymer], aware that he had warrants and not wanting to go back to jail, sought to flee police and avoid. At trial, the jury heard [Hymer] on the [motor vehicle recorder ("MVR")] footage admit that he had warrants and he repeated the same to Trooper Sheridan during questioning after his arrest. As Trooper Sheridan testified to at trial, [Hymer] admitted to him that he fled police because of warrants and a desire not to go back to jail. [*See*] N.T., []9/14/22, at 67[]. Viewing the evidence of flight favorably to the Commonwealth, the record evidence supported the jury's conclusion that [Hymer] fled police and engaged in a chase in order to avoid apprehension.

Trial Court Opinion, 6/6/23, at 7.

Following our review, we conclude Hymer is due no relief. Trooper Daniel Sheridan's testimony established that Hymer admitted to fleeing because he was "aware that he had warrants and he did not want to go back to prison." N.T., 9/14/22, at 67. Thus, Hymer's admission of the warrant's existence was evidence of the same. *See*, *e.g.*, *Steffy*, 36 A.3d at 1112 (holding that the evidence was sufficient for a flight conviction in context of a probation violation, where Steffy fled after being informed he had a warrant for a probation violation); *see also Franklin*, 69 A.3d at 722–23 (stating that

_____

[3] Hymer does not challenge the fact that he admitted to having a warrant and fleeing to avoid being apprehended on that warrant; nor does he contest the grading of the flight conviction, nor the grading of the underlying offense for which he had a warrant; rather, his challenge is limited merely to the existence of the warrant.

this Court must take the evidence in the light most favorable to the Commonwealth and that each and every element of an offense may be proven by circumstantial evidence). Thus, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2024